242 S.W.3d 923 (2008)
In the Interest of S.T. and B.T., Children.
No. 10-07-00306-CV.
Court of Appeals of Texas, Waco.
January 9, 2008.
Clint F. Sare, College Station, Bruce L. Erratt, Bryan, for Appellant.
Bill R. Turner, Brazos County Dist. Atty., Bryan, for Appellee.
Jami G. Lowry, Franklin, for ad litem.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

ORDER
PER CURIAM.
In this Order, we address procedural issues relating to Donald Taylor's appeal of the trial court's finding under section 263.405(d)(3) of the Family Code that his *924 appeal is frivolous. See TEX. FAM.CODE, ANN. § 263.405(d)(3) (Vernon Supp.2007). To ensure that Taylor's right to due process is not violated, we will order the court reporter to file a record of all evidence admitted at trial, and we will set a briefing schedule for the parties.
In a prior order, this Court held that: (1) the trial court abused its discretion by finding that Taylor failed to prove his indigence; (2) the appeal must be abated for appointment of counsel; and (3) Taylor or another party must provide a reasonable explanation for the late filing of Taylor's request for preparation of the clerk's record or this appeal would be dismissed. In re S.T., 239 S.W.3d 452, 457-58, 2007 Tex. App. LEXIS 9252, at *15-16 (Tex.App.-Waco 2007, order) (per curiam). The trial court has appointed appellate counsel for Taylor. Taylor's trial counsel filed a response to the Court's order explaining the late request for preparation of the clerk's record. Taylor's newly appointed counsel has filed a "brief" in which counsel requests that this Court order "preparation of a full appellate record" and permit briefing on the merits.
Trial counsel explains that she believed her representation of Taylor ended at the conclusion of the indigence hearing, particularly in light of Taylor's allegation that she provided ineffective assistance at trial. In addition, counsel explains that she did not understand the jurisdictional and procedural implications which attach to the timely filing of a clerk's record in an indigence/frivolousness appeal under section 263.405(g).
Appellate counsel also observes that the trial court informed the parties at the conclusion of the hearing on Taylor's indigence claim and on his statement of points that the court reporter would prepare and file a record of that hearing for review in this Court. Thus, counsel contends that Taylor could have reasonably inferred from the trial court's statement that preparation and filing of the appellate record would occur without further action on his part.
These explanations constitute a "plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." Hone v. Hanafin, 104 S.W.3d 884, 886 (Tex.2003) (per curiam) (quoting Meshwert v. Meshwert, 549 S.W.2d 383, 384 (Tex.1977)); In re D.M., No. 10-06-00407-CV, ___ S.W.3d ___, ___, 2007 WL 2325815, at * 6, 2007 Tex. App. LEXIS 9764, at *2-4 (Tex.App.-Waco Dec. 12, 2007, no pet. h.) (op. on reh'g); Doe v. Brazoria County. Child Protective Servs., 226 S.W.3d 563, 571 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Therefore, because reasonable explanations have been provided for the late filing of Taylor's request for preparation of the clerk's record, we grant the implied motion for extension and hold that Taylor's appeal was timely perfected.
The Fort Worth Court of Appeals has concluded that, when one of the points for appeal is factual insufficiency, a court reporter must file a transcription of "all of the evidence admitted" at trial at no cost to the appellant. See In re M.R.J.M., 193 S.W.3d 670, 674 (Tex.App.-Fort Worth 2006, order); see also In re K.D., 202 S.W.3d 860, 866 (Tex.App.-Fort Worth 2006, no pet.). By contrast, the Beaumont Court of Appeals has concluded that an appellate court can, consistent with due process, decide whether a factual sufficiency issue is frivolous without a trial record. See In re A.S., 239 S.W.3d 390, 391-93, 2007 Tex.App. LEXIS 8135, at *3-6 (Tex. App.-Beaumont 2007, no pet.).
*925 Taylor's counsel cites the dissenting opinion authored by the Chief Justice in response to this Court's November 28 Order to support his contention that we should follow the Fort Worth Court and require the filing of reporter's record of "all of the evidence admitted" at trial at no cost to himself.
[T]he only way we can review the trial court's decision is to have before us the same information the trial court did, including the information of which the trial court took judicial notice. The only way for us to do that is to have the reporter's record of the trial proceedings of which the trial court took judicial notice.
In re S.T., 239 S.W.3d at 464, 2007 Tex. App. LEXIS 9525, at *18-19 (Tex.App.-Waco Dec. 3, 2007) (Gray, C.J., dissenting).
Based on the decision of the Supreme Court of the United States in Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963), we agree with the Fort Worth Court's approach. In Draper, the Supreme Court considered procedural rules remarkably similar to section 263.405, which required an indigent criminal defendant to establish to the satisfaction of the trial court that he was indigent and that his appeal presented errors which were not frivolous as preconditions to the provision of a statement of facts at county expense. Id. at 489-90, 83 S.Ct. at 775-76. Applying an equal-protection analysis, the Court concluded that these rules were unconstitutional.
[T]his Court [has] held that "(t)he conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript." We hold today that the conclusion of the trial judge that an indigent's appeal is frivolous is a similarly inadequate substitute for the full appellate review available to nonindigents in Washington, when the effect of that finding is to prevent an appellate examination based upon a sufficiently complete record of the trial proceedings themselves.
Id. at 499-500, 83 S.Ct. at 781 (quoting Eskridge v. Wash. State Bd. of Prison Terms & Paroles, 357 U.S. 214, 216, 78 S.Ct. 1061, 1062, 2 L.Ed.2d 1269 (1958) (per curiam)).
Although Draper is grounded in equal protection, the same principles apply to section 263.405. Section 263.405 does not expressly treat indigent and non-indigent appellants differently, but the net result is the same. For example, if the trial court finds that the grounds for appeal presented by a non-indigent appellant are frivolous, then the non-indigent appellant may pay for a complete trial record to be filed with the appellate court for a thorough review of the frivolousness determination. Section 263.405 does not prohibit such a review. Rather, the statute (like the rules in Draper) limits the scope of the appellate record available to an indigent appellant without cost if the grounds for appeal are found frivolous by the trial court.
Taylor's grounds for appeal include: (A) five legal and factual insufficiency claims; (B) an ineffective assistance of counsel complaint; and (C) two claims that the court abused its discretion in particular rulings. Therefore, we hold as a matter of due process that, because Taylor has raised legal and factual insufficiency claims, the court reporter shall file a transcription of "all of the evidence admitted" at trial at no cost to the appellant.[1]See *926 M.R.J.M., 193 S.W.3d at 674; see also K.D., 202 S.W.3d at 866. The reporter's record shall be filed within twenty-one (21) days after the date of this Order.
Taylor also contends that this Court should order the parties to file briefs on the merits of his claims. While there is some merit to this contention from the standpoint of judicial economy, section 263.405(g) clearly limits this Court's review at this juncture to the issue of whether Taylor's appeal is frivolous. TEX. FAM. CODE ANN. § 263.405(g) (Vernon Supp. 2007); S.T., 239 S.W.3d at 453; In re R.A.P., No. 14-06-00109-CV, 2007 WL 174376, at *2 (Tex.App.-Houston [14th Dist.] Jan. 25, 2007, no pet.) (mem.op.); K.D., 202 S.W.3d at 865. Therefore, we limit our briefing request to this issue.
As part of this briefing, the parties should address applicable standards of review and the appropriate disposition for the appeal in the event this Court either upholds the trial court's frivolousness determination or reverses that determination. Taylor's brief shall be filed within twenty (20) days after the reporter's record is filed. The Department's brief shall be filed within fifteen (15) days after Taylor's brief is filed.
Because this appeal is accelerated, the Court hereby advises the court reporter and the parties that the deadlines set forth in this Order shall take precedence over any other deadlines which they may currently have in cases pending in this Court. Any extension of the deadlines set forth in this Order will be considered for only the most extenuating of circumstances.
Chief Justice GRAY dissents to the order as follows:
"The rulings that a majority of this court are willing to make without the bene fit of briefing, or even having the issue raised by the parties, never ceases to amaze me. They are writing rules by a published order, deciding an equal protection argument not raised by anyone, and completely ignoring the State and any arguments it might make to protect the child. I dissent."
NOTES
[1] This record should provide for full appellate review of Taylor's legal and factual insufficiency claims. If Taylor believes additional portions of the record are necessary for review of the other grounds raised, then he must file a motion with this Court within ten-days after the date of this Order demonstrating the need for such additional portions.