In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-08-266 CV


 ______________________



IN THE INTEREST OF M.S. AND A.S.
 




On Appeal from the 221st District Court


Montgomery County, Texas


Trial Court No. 07-05-04594 CV






MEMORANDUM OPINION


 The trial court terminated the parental rights of Mark Stephenson to his children, M.S
and A.S. Appointed trial counsel filed a motion for new trial and statement of points for
appeal. The trial court found that an appeal would be frivolous. The clerk's record and a
reporter's record of the hearing have been filed. Because no substantial question is presented
for review, and the trial court did not err in finding an appeal would be frivolous, we affirm
the judgment. 

 The trial court terminated Stephenson's rights based upon condition endangerment,
conduct endangerment, and constructive abandonment. See Tex. Fam. Code Ann. §
161.001(1)(D), (E), and (N) (Vernon Supp. 2008). In his statement of points for appeal,
Stephenson identified the following issues: (1) legal and factual insufficiency of the evidence
that Stephenson engaged in conduct that endangered the children's physical or emotional
well-being; (2) legal and factual insufficiency of the evidence that Stephenson knowingly
allowed the children to remain in conditions that endangered the children's physical or
emotional well-being; and (3) legal and factual insufficiency of the evidence that termination
is in the best interest of the children. 

 The trial court conducted the hearing required by the Family Code. See Tex. Fam.
Code Ann. § 263.405(d) (Vernon Supp. 2008). At the hearing, the Department described
the evidence relating to each of the points for appeal and presented an argument for why a
legal and factual sufficiency challenge on each of the enumerated grounds for termination
would be frivolous. (1) Stephenson had numerous convictions, including one 2004 and two
2007 convictions for driving while intoxicated and a 2003 conviction for endangering a child.
The indictment alleged Stephenson allowed A.S. to swim while Stephenson was too
intoxicated to supervise A.S. The children were living with their mother at the time they
were removed by the Department. Stephenson argued that he was not aware of their living
conditions. Stephenson failed to maintain regular contact with the children while they were
in foster care, but Stephenson was confined in a jail for part of the time and was hospitalized
with pneumonia and associated lung ailments for a substantial period. Considering the
conviction for endangering one of the children at issue in this proceeding and the record of
the post-trial hearing, it does not appear arguable that the Department failed to establish any
of the grounds for termination by clear and convincing evidence.

 Stephenson contends the evidence adduced at the hearing does not demonstrate that
on trial of the cause the Department proved by clear and convincing evidence termination
would be in the best interest of the children and that an appeal on that ground would be
frivolous. "While it is true that proof of acts or omissions under section 161.001(1) does not
relieve the petitioner from proving the best interest of the child, the same evidence may be
probative of both issues." In re C.H., 89 S.W.3d 17, 28 (Tex. 2002). The nonexclusive
factors that the trier of fact in a termination case may use in determining the best interest of
the children include: (1) the desires of the children; (2) the emotional and physical needs of
the children now and in the future; (3) the emotional and physical danger to the children now
and in the future; (4) the parental abilities of the individuals seeking custody; (5) the
programs available to assist these individuals to promote the best interest of the children; (6)
the plans for the children by these individuals or by the agency seeking custody; (7) the
stability of the home or proposed placement; (8) the acts or omissions of the parent which
may indicate that the existing parent-child relationship is not a proper one; and (9) any
excuse for the acts or omissions of the parent. Holley v. Adams, 544 S.W.2d 367, 371-72
(Tex.1976); see also Tex. Fam. Code Ann. § 263.307 (Vernon 2002). 

 Counsel for the Department stated on the record that multiple witnesses testified at
trial regarding the best interests of the children. The identities of those witnesses and the
extent of their testimony is not revealed in the record on the statement of points. In his
testimony in support of his motion for new trial, Stephenson testified that he had spent a
significant portion of the year in jail and that he did not receive actual notice of the trial. He
does not raise lack of notice as an issue for appeal, however. He asserted that he had not had
any contact with his children in the two years prior to the termination proceedings. 
Stephenson had bonded out of jail on April 24 and was rearrested on May 1. At the time of
the hearing, Stephenson was out on a total of $35,000 in bonds on a motion to revoke
community supervision for his second conviction for driving while intoxicated and on two
charges of possession of a dangerous drug, driving with an invalid license, and a third-offense driving while intoxicated. Stephenson was on disability, mowing lawns for a living,
and living alone in an apartment in Clute for which he pays $475 per month in rent. 
Witnesses at trial established Stephenson's criminal history and the CPS supervisor testified
that Stephenson never had any contact with her or her staff. The CASA representative
apparently also testified termination of parental rights would be in the children's best interest.
Considering Stephenson's previous endangering conduct, together with Stephenson's lack
of contact with the children while he was not incarcerated, and the remainder of the record
at the post-trial hearing, it does not appear arguable that the Department failed to establish
termination of Stephenson's parental rights is in the best interest of the children. 

 Seeing no error in the trial court's finding that an appeal would be frivolous, we
affirm the judgment. 

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Opinion Delivered August 28, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ.



1. When legal and factual sufficiency challenges are made in termination cases and a
trial court finds an appeal would be frivolous, this Court determines whether to order a record
of the trial evidence based on a review of the record of the post-trial hearing. See, e.g., In
the Interest of A.S., 239 S.W.3d 390, 392-93 (Tex. App.--Beaumont 2007, no pet.) (Appeal
decided on record of post-trial hearing in which trial court's findings that an appeal would
be frivolous were supported by the record.); see also In the Interest of A.F., No. 09-08-012-CV, 2008 Tex. App. LEXIS 4735 (Tex. App.--Beaumont June 26, 2008, no pet. h.); In the
Interest of J.B., No. 09-08-046-CV, 2008 Tex. App. LEXIS 5326 (Tex. App.--Beaumont July
17, 2008, no pet. h.). See Tex. Fam. Code Ann. § 263.405(g) (Vernon Supp. 2008) ("The
appellate court shall render appropriate orders after reviewing the records and appellate
briefs, if any."). Compare In the Interest of S.T., 242 S.W.3d 923, 925 (Tex. App.--Waco
2008, no pet. h.) ("Therefore, we hold as a matter of due process that, because Taylor has
raised legal and factual insufficiency claims, the court reporter shall file a transcript of 'all
of the evidence admitted' at trial at no cost to the appellant."). After our review of the record
from the post-trial hearing, we decline to order a record of the trial evidence in this case.