

IN THE
TENTH COURT OF APPEALS

No. 10-10-00237-CV

IN THE INTEREST OF
M.A.R., A.R., A.R., I.R., AND J.R., CHILDREN

From the County Court at Law
Ellis County, Texas
Trial Court No. 77,521-CCL

## MEMORANDUM OPINION

After Appellant's parental rights to her five children were terminated following a jury trial, Appellant filed a motion for new trial and sought indigent status for appeal. The trial court denied the motion for new trial, found her appeal to be frivolous, and overruled her claim of indigence. *See* TEX. FAM. CODE ANN. § 263.405(d) (Vernon 2008). Appellant's counsel then withdrew. We abated this appeal for a hearing in the trial court to appoint counsel to appeal the trial court's indigence and frivolousness determinations if it found that Appellant had not abandoned this appeal.

The trial court appointed counsel for Appellant, and appointed counsel has filed an *Anders* brief with us and a motion to withdraw in the trial court. Appointed counsel asserts that he has diligently reviewed the available record and the issues in Appellant's

statement of points and that, in his opinion, the appeal of the trial court's frivolousness finding is frivolous.[1] *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (applying *Anders* to termination appeal).

Although informed of her right to do so, Appellant did not file a *pro se* brief or response to the *Anders* brief.

In an *Anders* case, we must, "after a full examination of all the proceedings, [] decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988).

We have conducted an independent review of the record, and because we find this appeal to be wholly frivolous, we affirm the trial court's order of termination.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed May 11, 2011
[CV06]

---

[1] Because none of the issues in the statement of points challenges the sufficiency of the evidence, the absence of a reporter's record from the trial does not raise a due-process concern. *See, e.g., In re S.T.*, 242 S.W.3d 923, 925 (Tex. App.—Waco 2008, order). Furthermore, appointed counsel has not requested the reporter's record from the trial. *See id.* at 925 n.1.