COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-384-CV

 

 

IN THE INTEREST OF C.C.W.,                                                                

N.R.W., M.D.W., AND

K.A.W., CHILDREN

                                                                                                        

 

                                              ------------

 

             FROM THE 43RD
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








This appeal arises from the termination of
Appellant=s parental rights to her minor
children, C.C.W., N.R.W., M.D.W., and K.A.W. 
The department of family and protective services (the Department)
instituted termination proceedings. 
After a bench trial, the trial court signed an order terminating
Appellant=s parental rights to all four
children.  Appellant filed a notice of
appeal and statement of points.  See
Tex. Fam. Code Ann. ' 263.405(i) (Vernon Supp.
2008).  The trial court then conducted an
evidentiary hearing under family code section 263.405(d).  See id.
' 263.405(d)
(Vernon Supp. 2008). The trial court found that Appellant=s appeal
was frivolous under both section 263.405 and section 13.003 of the civil
practice and remedies code.

In ten issues, Appellant challenges the legal and
factual sufficiency of the evidence to support the trial court=s
original findings regarding the statutory grounds for termination, the trial
court=s
allowing a partyCthe foster parent with whom
three of Appellant=s children have been livingCto
intervene in the trial and frivolous hearing over Appellant=s
objection, the trial court=s
frivolousness determination, and the trial court=s
alleged failure to timely respond to Appellant=s
request for findings of fact and conclusions of law.  We will affirm. 

II.  Evidence Reviewed by this Court








In her eighth and tenth issues, Appellant argues
that section 263.405(g) is not applicable to this case because she does not
claim to be indigent and that she was deprived of due process because the
reporter=s record
of the entire trial proceedings and the complete clerk=s record
have not been presented to this court for review.  We interpret these issues as an objection to
the limited record that is provided to this court when the trial court
determines that the appeal is frivolousCthe
clerk=s record
and reporter=s record of the section 263.405
hearing only.  See Tex. Fam. Code
Ann. ' 263.405(g)
(Vernon Supp. 2008).  We, however,
ordered and conducted an independent review of the entire clerk=s record
and reporter=s record of the trial underlying
this frivolousness appeal.  See In re
M.R.J.M., 193 S.W.3d 670, 676 (Tex. App.CFort
Worth 2006, no pet.) (en banc) (holding that under the separation of powers
clause an appellate court has the authority to order preparation of all of the
evidence in a termination case when necessary to review a trial court=s
determination that an appeal is frivolous); see also In re K.D., 202
S.W.3d 860, 866 (Tex. App.CFort
Worth 2006, no pet.) (applying rule from In re M.R.J.M and ordering
entire record of the termination proceedings to review the trial court=s
frivolousness findings).  Thus, we
overrule Appellant=s eighth and tenth issues. 

III.  Findings of Fact and Conclusions of Law








In her sixth issue, Appellant argues that the
trial court did not timely respond to her request for findings of fact and
conclusions of law.  Texas Rule of Civil
Procedure 297 requires a trial court to Afile its
findings of fact and conclusions of law within twenty days after a timely
request is filed.@ 
Tex. R. Civ. P. 297.  The clerk=s record
for the 263.405 hearing indicates that Appellant requested the trial court=s
findings of fact and conclusions of law on November 2, 2007, and that the trial
court issued them on November 15, 2007Ca date
preceding the due date under rule 297. 
We overrule Appellant=s sixth
issue.

IV.  The Trial Court=s
Allowing a Foster Parent to Intervene

In her fifth issue, Appellant argues that the
trial court erred in allowing the intervention of a foster parent over her
motion to strike because the intervention occurred within fourteen days of
trial andCaccording to AppellantCwithout
written pleadings.  We disagree.








The standard of review for determining whether
the trial court improperly denied a motion to strike intervention is abuse of
discretion.  Guar. Fed. Sav. Bank v.
Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990);Law Offices of
Windle Turley, P.C. v. Ghiasinejad, 109 S.W.3d 68, 70 (Tex. App.CFort
Worth 2003, no pet.).  To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241B42 (Tex. 1985), cert. denied,
476 U.S. 1159 (1986).  Furthermore, as a
general rule, an intervention is timely at any time before a final
judgment.  See Tex. Mut. Ins. Co. v.
Ledbetter, 251 S.W.3d 31, 36 (Tex. 2008) (stating that A[t]here
is no deadline for intervention in the Texas Rules of Civil Procedure@); Hisaw
& Assocs. Gen. Contractors, Inc. v. Cornerstone Concrete Sys., Inc.,
115 S.W.3d 16, 21 (Tex. App.CFort
Worth 2003, pet. denied) (stating that A[a]n
intervention is proper at any time before a final judgment on the merits@).








In this case, Intervenor is a foster parent with
whom three of Appellant=s children lived during the
fourteen months prior to trial.  See
Tex. Fam. Code Ann. ' 102.003(a) (Vernon Supp.
2008) (providing standing to a foster parent who possesses a child for twelve
months ending not more than ninety days before the foster parent files a
petition of intervention).  The record
also demonstrates that Intervenor filed written pleadings to intervene on
August 23, 2007, and that trial was scheduled for, and conducted on, September
6, 2007.  The trial court denied
Appellant=s August 30, 2007 motion to
strike Intervenor=s pleadings.  It is important that the trial court in this
case was charged with determining the best interest of Appellant=s
children.  See In re N.L.G., 238
S.W.3d 828, 829 (Tex. App.CFort
Worth 2007, no pet.) (discussing relaxed standing requirements regarding
intervention of foster parents and how intervention by foster parents may
enhance the trial court=s ability to adjudicate what is
in the best interest of children involved in a parental termination suit).  Given thatCin these
circumstancesCthe family code grants standing
to foster parents to intervene in a suit affecting the parent-child
relationship, that the trial court was charged with determining the children=s best
interest in this case, and that Intervenor filed written pleadings to intervene
prior to trial, we hold that the trial court=s denial
of Appellant=s motion to strike was neither
arbitrary nor unreasonable.  Thus, the
trial court did not abuse its discretion in allowing Intervenor to
intervene.  We overrule Appellant=s fifth
issue. 

V.  Review of the Frivolousness Determination

In her first, second, third, fourth, seventh, and
ninth issues, Appellant argues that there is legally and factually insufficient
evidence to support the grounds for termination and that it was error for the
court to Agrant the motion under section
263.405(d) . . . because [she challenged] the factual sufficiency of
the evidence to support the trial court=s ruling
that the appeal was frivolous.@  We interpret these issues as challenging both
the trial court=s finding that her appeal was
frivolous and the merits of the underlying termination order.  But once a trial court determines that an
appeal is frivolous, the scope of appellate review is statutorily limited to a
review of the trial court=s frivolousness finding.  Tex. Fam. Code Ann. ' 263.405(g).









In determining whether an appeal is frivolous, Aa judge
may consider whether the appellant has presented a substantial question for
appellate review.@ 
Tex. Civ. Prac. & Rem. Code Ann. ' 13.003(b)
(Vernon 2002); Tex. Fam. Code Ann. ' 263.405(d)(3)
(incorporating section 13.003(b) by reference). It is well established,
however, that a proceeding is frivolous when it lacks an arguable basis either
in law or in fact.  De La Vega v. Taco
Cabana, Inc., 974 S.W.2d 152, 154 (Tex. App.CSan
Antonio 1998, no pet.). 

The trial court found Appellant=s
potential legal and factual sufficiency challenges to be frivolous; that is,
that they lack a substantial basis in law or fact.  Due process requires the petitioner to
justify termination by clear and convincing evidence.  Tex. Fam. Code Ann. '' 161.001,
161.206(a) (Vernon Supp. 2008); In re J.F.C., 96 S.W.3d 256, 263 (Tex.
2002).  The higher burden of proof in
termination cases elevates the appellate standard of both legal and factual
sufficiency review.  In re J.F.C.,
96 S.W.3d at 265; In re C.H., 89 S.W.3d 17, 25 (Tex. 2002).  In reviewing the evidence for legal
sufficiency in parental termination cases, a court must review all of the
evidence in the light most favorable to the verdict and determine whether the
evidence is such that a factfinder could reasonably form a firm belief or
conviction that the grounds for termination were proven.  In re J.F.C., 96 S.W.3d at 265B66.  In a factual sufficiency review, in
determining whether the evidence is such that a factfinder could reasonably
form a firm belief or conviction that its finding was true, a court must
consider whether disputed evidence is such that a reasonable factfinder could
not have resolved it in favor of the finding. 
Id.








When the trial court conducts a frivolousness
hearing on an appellant=s proposed legal and factual
sufficiency issues, the trial court should apply the standard of review
applicable to clear and convincing evidence as set out above.  In re K.D., 202 S.W.3d at 866.  When, as here, the trial court determines
that the appeal is frivolous, we review that determination for an abuse of
discretion.  De La Vega,  974 S.W.2d at 154.  Thus, the question before this court is
whether the trial court abused its discretion by determining that the evidence
is such that a factfinder could reasonably form a firm belief or conviction
that its finding was true.  In re
K.D., 202 S.W.3d at 866.  With this
standard in mind, we turn to the evidence in this case.

The trial court found by clear and convincing
evidence that

$                  
Appellant knowingly placed or knowingly allowed her children to remain
in conditions or surroundings that endangered their physical or emotional
well-being;

 

$                  
Appellant engaged in conduct, or knowingly placed her children with
persons who engaged in conduct, that endangered their physical or emotional
well-being;

 

$                  
Appellant failed to comply with the provisions of a court order that
specifically established the actions necessary for the return of Appellant=s children to her
conservatorship; and

 

$                  
termination of the parent-child relationship between Appellant and her
children was in their best interest. 

 








The evidence at trial showed that at the time the
Department began these proceedings, Appellant=s
younger three daughtersCtripletsCwere
three years old and her oldest daughter was eight.  Appellant testified that despite an outcry by
her oldest daughter that Appellant=s
stepbrother had sexually abused her, Appellant allowed him to continue to
babysit her.  Appellant also testified
that she had allowed all four children to be cared for by her mother, despite
also admitting that she had knowledge that someone under her mother=s careCanother
stepbrotherChad sexually abused one of
Appellant=s daughters on multiple
occasions.  She also stated that she told
her oldest daughter to lie to the Department about the known incidents of
sexual abuse.

Appellant testified that when the Department came
to her home to investigate, the children were found playing next to Aa knife
laying on the floor,@ and that the children had been
found previously playing with knives. 
Appellant also said that once the Department became involved, she had
placed the triplets with her biological brother, but Appellant failed to inform
the Department that the brother had sexually abused her when she was six years
old.  She testified that she has
depression and it affects her ability to care for her children.  There was also evidence that Appellant=s
psychologist had diagnosed her with major depressive disorder, partner
relational problems, and dependant personality disorder and that she was a past
incest victim.








There was evidence presented at trial that
despite Appellant=s service plan forbidding her
from allowing certain relatives to be in contact with her childrenCplacing
the children at risk for sexual abuseCAppellant
still allowed contact between the children and these relatives.  There was evidence that Appellant failed to
regularly take her medication for diagnosed emotional and mental-health
problems.  The record also indicates that
Appellant=s current husband did not take
part in any of the counseling or parenting programs provided under her service
plan.

Considering all of the evidence, we cannot say
that the trial court abused its discretion by concluding that the evidence is
such that a factfinder could reasonably form a firm belief or conviction that
its findings were true and that Appellant=s
challenges to the legal and factual sufficiency of the evidence are
frivolous.  We overrule Appellant=s first,
second, third, forth, seventh, and ninth issues.

VI.  Conclusion

Having overruled each of Appellant=s issues,
we affirm the trial court=s judgment.

 

 

DIXON
W. HOLMAN

JUSTICE

 

PANEL:  CAYCE, C.J.; LIVINGSTON, J.; and DIXON W.
HOLMAN, J. (Senior Justice, Retired, Sitting by Assignment).

 

DELIVERED:  January 8, 2009











[1]See Tex. R. App. P. 47.4.