

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-384-CV**

IN THE INTEREST OF C.C.W.,
N.R.W., M.D.W., AND
K.A.W., CHILDREN

-----------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

### I. INTRODUCTION

This appeal arises from the termination of Appellant's parental rights to her minor children, C.C.W., N.R.W., M.D.W., and K.A.W. The department of family and protective services (the Department) instituted termination proceedings. After a bench trial, the trial court signed an order terminating Appellant's parental rights to all four children. Appellant filed a notice of appeal

---

[1] *See* Tex. R. App. P. 47.4.

and statement of points. *See* Tex. Fam. Code Ann. § 263.405(i) (Vernon Supp. 2008). The trial court then conducted an evidentiary hearing under family code section 263.405(d). *See id*. § 263.405(d) (Vernon Supp. 2008). The trial court found that Appellant's appeal was frivolous under both section 263.405 and section 13.003 of the civil practice and remedies code.

In ten issues, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's original findings regarding the statutory grounds for termination, the trial court's allowing a party—the foster parent with whom three of Appellant's children have been living—to intervene in the trial and frivolous hearing over Appellant's objection, the trial court's frivolousness determination, and the trial court's alleged failure to timely respond to Appellant's request for findings of fact and conclusions of law. We will affirm.

## II. EVIDENCE REVIEWED BY THIS COURT

In her eighth and tenth issues, Appellant argues that section 263.405(g) is not applicable to this case because she does not claim to be indigent and that she was deprived of due process because the reporter's record of the entire trial proceedings and the complete clerk's record have not been presented to this court for review. We interpret these issues as an objection to the limited record that is provided to this court when the trial court determines that the appeal is

2

frivolous—the clerk's record and reporter's record of the section 263.405 hearing only. *See* Tex. Fam. Code Ann. § 263.405(g) (Vernon Supp. 2008). We, however, ordered and conducted an independent review of the entire clerk's record and reporter's record of the trial underlying this frivolousness appeal. *See In re M.R.J.M.*, 193 S.W.3d 670, 676 (Tex. App.—Fort Worth 2006, no pet.) (en banc) (holding that under the separation of powers clause an appellate court has the authority to order preparation of all of the evidence in a termination case when necessary to review a trial court's determination that an appeal is frivolous); *see also In re K.D.,* 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006, no pet.) (applying rule from *In re M.R.J.M* and ordering entire record of the termination proceedings to review the trial court's frivolousness findings). Thus, we overrule Appellant's eighth and tenth issues.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In her sixth issue, Appellant argues that the trial court did not timely respond to her request for findings of fact and conclusions of law. Texas Rule of Civil Procedure 297 requires a trial court to "file its findings of fact and conclusions of law within twenty days after a timely request is filed." Tex. R. Civ. P. 297. The clerk's record for the 263.405 hearing indicates that Appellant requested the trial court's findings of fact and conclusions of law on November 2, 2007, and that the trial court issued them on November 15,

3

2007—a date preceding the due date under rule 297. We overrule Appellant's sixth issue.

## IV. The Trial Court's Allowing a Foster Parent to Intervene

In her fifth issue, Appellant argues that the trial court erred in allowing the intervention of a foster parent over her motion to strike because the intervention occurred within fourteen days of trial and—according to Appellant—without written pleadings. We disagree.

The standard of review for determining whether the trial court improperly denied a motion to strike intervention is abuse of discretion. *Guar. Fed. Sav. Bank v. Horseshoe Operating* Co., 793 S.W.2d 652, 657 (Tex. 1990); *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). Furthermore, as a general rule, an intervention is timely at any time before a final judgment. *See Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008) (stating that "[t]here is no deadline for intervention in the Texas Rules of Civil Procedure"); *Hisaw & Assocs. Gen. Contractors, Inc. v. Cornerstone*

4

*Concrete Sys., Inc.*, 115 S.W.3d 16, 21 (Tex. App.—Fort Worth 2003, pet. denied) (stating that "[a]n intervention is proper at any time before a final judgment on the merits").

In this case, Intervenor is a foster parent with whom three of Appellant's children lived during the fourteen months prior to trial. *See* Tex. Fam. Code Ann. § 102.003(a) (Vernon Supp. 2008) (providing standing to a foster parent who possesses a child for twelve months ending not more than ninety days before the foster parent files a petition of intervention). The record also demonstrates that Intervenor filed written pleadings to intervene on August 23, 2007, and that trial was scheduled for, and conducted on, September 6, 2007. The trial court denied Appellant's August 30, 2007 motion to strike Intervenor's pleadings. It is important that the trial court in this case was charged with determining the best interest of Appellant's children. *See In re N.L.G.*, 238 S.W.3d 828, 829 (Tex. App.—Fort Worth 2007, no pet.) (discussing relaxed standing requirements regarding intervention of foster parents and how intervention by foster parents may enhance the trial court's ability to adjudicate what is in the best interest of children involved in a parental termination suit). Given that—in these circumstances—the family code grants standing to foster parents to intervene in a suit affecting the parent-child relationship, that the trial court was charged with determining the children's best interest in this case,

5

and that Intervenor filed written pleadings to intervene prior to trial, we hold that the trial court's denial of Appellant's motion to strike was neither arbitrary nor unreasonable. Thus, the trial court did not abuse its discretion in allowing Intervenor to intervene. We overrule Appellant's fifth issue.

## V. REVIEW OF THE FRIVOLOUSNESS DETERMINATION

In her first, second, third, fourth, seventh, and ninth issues, Appellant argues that there is legally and factually insufficient evidence to support the grounds for termination and that it was error for the court to "grant the motion under section 263.405(d) . . . because [she challenged] the factual sufficiency of the evidence to support the trial court's ruling that the appeal was frivolous." We interpret these issues as challenging both the trial court's finding that her appeal was frivolous and the merits of the underlying termination order. But once a trial court determines that an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court's frivolousness finding. Tex. Fam. Code Ann. § 263.405(g).

In determining whether an appeal is frivolous, "a judge may consider whether the appellant has presented a substantial question for appellate review." Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (Vernon 2002); Tex. Fam. Code Ann. § 263.405(d)(3) (incorporating section 13.003(b) by reference). It is well established, however, that a proceeding is frivolous when

6

it lacks an arguable basis either in law or in fact. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.)*.*

The trial court found Appellant's potential legal and factual sufficiency challenges to be frivolous; that is, that they lack a substantial basis in law or fact. Due process requires the petitioner to justify termination by clear and convincing evidence. Tex. Fam. Code Ann. §§ 161.001, 161.206(a) (Vernon Supp. 2008); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). The higher burden of proof in termination cases elevates the appellate standard of both legal and factual sufficiency review. *In re J.F.C.*, 96 S.W.3d at 265; *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). In reviewing the evidence for legal sufficiency in parental termination cases, a court must review all of the evidence in the light most favorable to the verdict and determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the grounds for termination were proven. *In re J.F.C.*, 96 S.W.3d at 265–66. In a factual sufficiency review, in determining whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that its finding was true, a court must consider whether disputed evidence is such that a reasonable factfinder could not have resolved it in favor of the finding. *Id.*

When the trial court conducts a frivolousness hearing on an appellant's proposed legal and factual sufficiency issues, the trial court should apply the

7

standard of review applicable to clear and convincing evidence as set out above. *In re K.D.,* 202 S.W.3d at 866. When, as here, the trial court determines that the appeal is frivolous, we review that determination for an abuse of discretion. *De La Vega,* 974 S.W.2d at 154. Thus, the question before this court is whether the trial court abused its discretion by determining that the evidence is such that a factfinder could reasonably form a firm belief or conviction that its finding was true. *In re K.D.,* 202 S.W.3d at 866. With this standard in mind, we turn to the evidence in this case.

The trial court found by clear and convincing evidence that

- Appellant knowingly placed or knowingly allowed her children to remain in conditions or surroundings that endangered their physical or emotional well-being;

- Appellant engaged in conduct, or knowingly placed her children with persons who engaged in conduct, that endangered their physical or emotional well-being;

- Appellant failed to comply with the provisions of a court order that specifically established the actions necessary for the return of Appellant's children to her conservatorship; and

- termination of the parent-child relationship between Appellant and her children was in their best interest.

The evidence at trial showed that at the time the Department began these proceedings, Appellant's younger three daughters—triplets—were three years old and her oldest daughter was eight. Appellant testified that despite an

8

outcry by her oldest daughter that Appellant's stepbrother had sexually abused her, Appellant allowed him to continue to babysit her. Appellant also testified that she had allowed all four children to be cared for by her mother, despite also admitting that she had knowledge that someone under her mother's care—another stepbrother—had sexually abused one of Appellant's daughters on multiple occasions. She also stated that she told her oldest daughter to lie to the Department about the known incidents of sexual abuse.

Appellant testified that when the Department came to her home to investigate, the children were found playing next to "a knife laying on the floor," and that the children had been found previously playing with knives. Appellant also said that once the Department became involved, she had placed the triplets with her biological brother, but Appellant failed to inform the Department that the brother had sexually abused her when she was six years old. She testified that she has depression and it affects her ability to care for her children. There was also evidence that Appellant's psychologist had diagnosed her with major depressive disorder, partner relational problems, and dependant personality disorder and that she was a past incest victim.

There was evidence presented at trial that despite Appellant's service plan forbidding her from allowing certain relatives to be in contact with her children—placing the children at risk for sexual abuse—Appellant still allowed

9

contact between the children and these relatives. There was evidence that Appellant failed to regularly take her medication for diagnosed emotional and mental-health problems. The record also indicates that Appellant's current husband did not take part in any of the counseling or parenting programs provided under her service plan.

Considering all of the evidence, we cannot say that the trial court abused its discretion by concluding that the evidence is such that a factfinder could reasonably form a firm belief or conviction that its findings were true and that Appellant's challenges to the legal and factual sufficiency of the evidence are frivolous. We overrule Appellant's first, second, third, forth, seventh, and ninth issues.

## VI. CONCLUSION

Having overruled each of Appellant's issues, we affirm the trial court's judgment.

DIXON W. HOLMAN
JUSTICE

PANEL: CAYCE, C.J.; LIVINGSTON, J.; and DIXON W. HOLMAN, J. (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: January 8, 2009

10