IN RE K.D., A CHILD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-349-CV

IN THE INTEREST OF 

K.D., A CHILD 

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION ON REHEARING

------------

Introduction

This appeal arises from the termination of Appellant’s parental rights over her minor child, K.D.  The department of family and protective services (“The Department”) instituted termination proceedings.  After a jury trial at which Appellant was represented by court-appointed counsel, the trial court signed an order terminating Appellant’s parental rights. 

The trial court appointed new counsel to represent Appellant with regard to her post-trial motions and appeal.  Appellant then filed her statement of points on appeal with the trial court.  Rather than state specific points, Appellant complained that her appellate counsel could not definitively state the points on appeal until the reporter’s record of the trial was prepared.  Appellant also stated that “sufficiency of the evidence will be challenged for the statutory grounds used to terminate and ‘best interest’ grounds.  Any other reasonable appealable issue will be brought to the attention of the court of appeals.”  Appellant then filed a notice of appeal, a motion for new trial, an affidavit of inability to pay costs, and motions for a free clerk’s record and a free reporter’s record on appeal. 

The trial court conducted an evidentiary hearing under family code section 263.405(d). 
 See 
Tex. Fam. Code Ann.
 § 263.405(d) (Vernon Supp. 2006). The trial court denied the motion for new trial and found that Appellant’s appeal was frivolous under section 263.405 of the family code and section 13.003 of the civil practice and remedies code.  Appellant then filed an amended notice of appeal to include a challenge to the trial court’s finding that her appeal was frivolous.  The court reporter and court clerk filed records of the section 263.405 hearing with this court without advance payment from Appellant.

After issuing our original opinion and judgment in this appeal, we granted rehearing on our own motion and ordered the reporter’s record of the trial.  
See In re M.R.J.M.
, 193 S.W.3d 670, 676 (Tex. App.—Fort Worth 2006, no pet. h.) (en banc) (holding that under the separation of powers clause an appellate court has the authority to order preparation of all of the evidence in a termination case when necessary to review a trial court’s determination that an appeal is frivolous).

III. Discussion

Appellant raises three points on appeal.  Her first two points challenge the constitutionality of family code section 263.405.  Her third point challenges the trial court’s finding that Appellant’s appeal is frivolous.

Constitutional issues

In her first two points, Appellant argues that family code section 263.405

violates the constitutions of the United States and Texas.
(footnote: 1)  
The gist of Appellant’s argument is that section 263.405 of the Texas Family Code is unconstitutional because it treats an indigent party’s appeal differently from a non-indigent party’s appeal and because it makes a distinction between parents in a private termination case and parents in a termination case brought by the Department
.  Specifically, Appellant argues that the statute allows a trial judge to deny an indigent appellant a record of the trial, while a non-indigent appellant could purchase a record and provide it to the appellate court and that the statute subjects a parent whose parental rights have been terminated in a suit brought by the government to a hearing held by the trial court to determine whether his or her appeal is frivolous, while a parent whose parental rights have been terminated in a suit brought by an individual is able to freely appeal the termination order
. 
 We have resolved Appellant’s constitutional challenges against her.  
See In re T.C. & G.C.
, No. 02-05-074-CV, 2006 WL 2167158, at *3-4 (Tex. App.—Fort Worth Aug. 3, 2006, no pet. h.).  For the reasons discussed below, we conclude that family code section 263.405 applies equally to indigent and to non-indigent parents and applies equally in termination suits initiated by the Department and by private individuals
.

As we stated in 
In re T.C. & G.C., 
in addressing Appellant’s constitutional challenges to family code section 263.405, we begin with the premise that, if possible, we must interpret section 263.405 in a manner that renders it constitutional. 
 Id
. (citing 
FM
 
Props. Operating Co. v. City of Austin
, 22 S.W.3d 868, 873 (Tex. 2000); 
Quick v. City of Austin
, 7 S.W.3d 109, 115 (Tex. 1998)).  A party raising a facial challenge to the constitutionality of a statute must demonstrate that the statute always operates unconstitutionally.  
Wilson v. Andrews
, 10 S.W.3d 663, 670 (Tex. 1999).  In other words, a challenger must establish that no set of circumstances exists under which the statute would be valid.  
Id.
  In reviewing a facial challenge to a statute’s constitutionality, we consider the statute as written, rather than as it operates in practice.  
See Barshop v. Medina County Underground Water Conservation Dist.
, 925 S.W.2d 618, 626-27 (Tex. 1996).

Family code section 263.405 provides in relevant part:

(d) The trial court shall hold a hearing not later than the 30th day  after the date the final order [terminating parental rights] is signed to determine whether:

(1) a new trial should be granted;

(2) a party’s claim of indigence, if any, should be sustained; and

(3) the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code.

. . . .

(f) The appellate record must be filed in the appellate court not later than the 60th day after the date the final order is signed by the trial judge, unless the trial court, after a hearing, grants a new trial or denies a request for a trial court record at no cost.

(g) The appellant may appeal the court’s order denying the appellant’s claim of indigence or the court's finding that the appeal is frivolous by filing with the appellate court the reporter’s record and clerk’s record of the hearing held under this section, both of which shall be provided without advance payment, not later than the 10th day after the date the court makes the decision.  The appellate court shall review the records and may require the parties to file appellate briefs on the issues presented, but may not hear oral argument on the issues.  The appellate court shall render appropriate orders after reviewing the records and appellate briefs, if any.

Tex. Fam. Code Ann.
 § 263.405(d), (f)-(g) (Vernon Supp. 2006). 

Section 263.405 does not set out the test the trial court is required to apply to determine whether a party is indigent and is therefore entitled to a free record.  
See id.
 
§ 263.405(f).  That test is set forth in section 13.003 of the civil practice and remedies code, which is captioned “Free Transcript of Statement of Facts on Appeal” and states in part:

(a) Subject to Subsection (c), a court reporter shall provide without cost a statement of facts and a clerk of a court shall prepare a transcript for appealing a judgment from the court only if:

(1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and

(2) the trial judge finds:

(A) the appeal is not frivolous; and

(B) the statement of facts and the clerk’s transcript is needed to decide the issue presented by the appeal.

Tex. Civ. Prac. & Rem. Code Ann.
 § 13.003(a) (Vernon 2002).

Thus, juxtaposing family code section 263.405 and civil practice and remedies code section 13.003(a), a trial court’s determination that an appeal is frivolous has two statutory consequences.  First, under family code section 263.405(g)
, it limits the scope of appellate review to the trial court’s determination that the appeal is frivolous.  
In re S.J.G.
, 124 S.W.3d 237, 243 (Tex. App.—Fort Worth 2003, pet. denied) (recognizing that, after a finding by the trial court that an appeal is frivolous, 
parent whose parental rights have been terminated may appeal trial court’s frivolousness determination).
  
Section 263.405(g)’s statutory limit on the scope of appellate review following a frivolousness determination applies equally to indigent and to non-indigent appellants.  
See
 
Tex. Fam. Code Ann.
 § 263.405(g).  
Second, under civil practice and remedies code section 13.003(a)(2)(A), a trial court’s frivolousness determination has the consequence of denying an indigent appellant the right to a free clerk’s record and reporter’s record of the underlying trial.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 13.003(a)(2)(A).  
This second consequence, the statutory denial of a free appellate record to an indigent appellant, occurs, of course, only when the appellant is indigent.  It is the disparate impact of this second statutory consequence of section 263.405(d)(3) frivolousness finding that Appellant argues is unconstitutional.

A close examination of the interplay between family code section 263.405(d), (f), (g) and civil practice and remedies code section 13.003(a)(2)(A) demonstrates that the second consequence is immaterial because of the first consequence.  That is, once the trial court determines that an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court’s frivolousness finding.  
Tex. Fam. Code Ann
. § 263.405(g); 
see also S.J.G.
, 124 S.W.3d at 243.  And section 263.405(g) mandates that the reporter’s record and the clerk’s record of the frivolousness hearing “shall be provided without advance payment” to the appellant.  
Tex. Fam. Code Ann
. § 263.405(g).  Nothing in section 263.405 suggests that a non-indigent appellant has the right to file any record with an appellate court other than the reporter’s record and the clerk’s record of the frivolousness hearing.  Therefore, an appellant is statutorily guaranteed the same limited appellate review of a trial court’s frivolousness finding regardless of whether the appellant is indigent.

Appellant also questions how it can be that a parent facing state-initiated termination under family code chapter 263 is statutorily limited to an appellate review of the record of a trial court’s frivolousness finding, while a parent facing termination initiated by a private party has the right to a full appeal under family code section 109.002, which allows appeal from a final termination order “as in civil cases generally.”  
See
 
Tex. Fam. Code Ann. 
§ 109.002 (Vernon 2002).  But Appellant’s question is a non sequitur; the premise underlying the question is faulty.  Suppose a parent seeking to appeal a private termination seeks a free record under civil practice and remedies code section 13.003.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 13.003.  If the trial court determines that the appeal is frivolous under section 13.003(a)(2)(A), then the parent is not entitled to a free record.  
See id.
 § 13.003(a).  The parent would be entitled to a free record of the frivolousness hearing so that the frivolousness finding could be reviewed by the appellate court.  
See De La Vega v. Taco Cabana, Inc.
, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.).  In other words, the indigent parent in a private termination whose appeal is deemed frivolous has precisely the same right to a free record of the frivolousness hearing given by section 263.405 to an indigent parent in a state termination whose appeal is deemed frivolous.  Thus, the disparity between the two proceedings posited by Appellant does not exist.
  Because both indigent and non-indigent appellants have the equal right and opportunity to appeal a frivolousness finding, we hold that section 263.405 does not violate Appellant’s equal protection or due process rights.

We turn now to Appellant’s complaint that section 263.405 denies her her constitutional right to an appeal with a full record.  
After the briefs were submitted in this case, we held that an appellate court has the authority to order the preparation of a free record of all of the evidence in a termination case when necessary to review a trial court’s determination that an appeal raising a factual sufficiency complaint is frivolous.  
In re M.R.J.M.,
 
193 S.W.3d 670 at 676
 (holding that such an order is “appropriate” under section 263.405(g)).  In this case, after reviewing the record from the frivolousness hearing, we ordered the court reporter to prepare and file a reporter’s record containing all of the evidence admitted at the termination trial.  
See 
Tex. R. App. P.
 34.6(d).  Because we obtained and reviewed the reporter’s record from the trial in connection with our review of the trial court’s frivolousness findings, we fully examined the merits of Appellant’s purported issues on appeal.  Thus, we cannot agree that section 263.405 operates to deny appellants of a meaningful appeal.  In any event, in light of the review we have conducted, Appellant has suffered no harm from the complaint she asserts.  
See
 
Tex. R. App. P.
 44.1(a).  
 We therefore overrule Appellant’s first and second issues.

B. Review of frivolousness finding

We turn now to Appellant’s third point, in which she challenges the trial court’s finding that her appeal is frivolous. 

In determining whether an appeal is frivolous, “a judge may consider whether the appellant has presented a substantial question for appellate review.”  
Tex. Civ. Prac. & Rem. Code Ann
. § 13.003(b); 
Tex. Fam. Code Ann. 
§ 263.405(d)(3) (incorporating section 13.003(b) by reference). “It is well established, however, that a proceeding is ‘frivolous’ when it ‘lacks an arguable basis either in law or in fact.’”  
De La Vega,  
974 S.W.2d at 154.  We review a trial court’s finding of frivolousness under the abuse of discretion standard.  
Id.

Appellant first complains of a “significant and unconstitutional delay in the mandatory appointment of counsel for Appellant at the beginning of this process.”  The record contains an unsworn and undated “application for court-appointed attorney and financial affidavit.”  The trial court appointed trial counsel on May 13, 2004, some five months after the Department filed its original petition.  But because Appellant’s application for a court-appointed attorney is undated, we cannot determine whether the delay in appointing counsel was unconstitutional—indeed, we cannot determine whether there was any delay at all.  Moreover, we note that 
Appellant
 originally filed the cause from which she now appeals in an attempt to terminate the parental rights of K.D.’s biological father.  Appellant was represented by retained counsel when she filed the termination suit and for some time thereafter.  The record does not reflect when Appellant’s retained counsel withdrew.  We cannot conclude that the trial court abused its discretion when it determined that Appellant’s complaint about the delay in the appointment of counsel was frivolous.

Appellant next complains of ineffective assistance of counsel at trial.  At the hearing on her motion for new trial, Appellant testified that she had asked her trial counsel to call four witnesses to testify on her behalf, but her trial counsel called none of them.  Appellant summarized for the trial court the testimony she expected the uncalled witnesses would provide.  She also testified that trial counsel failed to offer a physical exhibit and Appellant’s family photographs into evidence. 

To establish ineffective assistance of counsel, a party must show (1) that counsel’s performance was deficient and (2) that the deficient performance prejudiced the defense.  
In re M.S.
, 115 S.W.3d 534, 545 (Tex. 2003).  With respect to whether counsel’s performance in a particular case is deficient, a court must take into account all of the circumstances surrounding the case and must primarily focus on whether counsel performed in a reasonably effective manner.  
Id.  
In this process, a court must give great deference to counsel’s performance, indulging a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance, including the possibility that counsel’s actions are strategic.  
Id.
  It is only when the conduct was so outrageous that no competent attorney would have engaged in it that the challenged conduct will constitute ineffective assistance.  
Id.

We have reviewed Appellant’s testimony from the new trial hearing in light of the supreme court’s guidelines in 
In re M.S.
  Appellant testified that trial counsel ignored her request to call the following witnesses to testify at trial: a police officer who would have testified that he declined to arrest Appellant for child abandonment; a friend who “would have testified positively in regard to [Appellant’s] parenting abilities”; a psychologist who performed a psychological evaluation on Appellant; and a psychologist who performed a developmental assessment of K.D.  Even assuming that her witnesses would have testified as Appellant claims, we cannot conclude that the trial court abused its discretion by determining that Appellant’s claim of ineffective assistance was frivolous.

Appellant next argues that “[a]fter the record is reviewed, there may be factual and legal sufficiency issues.”

A discussion of the applicable standard of review is in order.  The trial court found that Appellant’s potential legal and factual sufficiency challenges are frivolous; that is, that they lack a substantial basis in law or fact.  
Due process requires the petitioner to justify termination by clear and convincing evidence.  T
EX
. F
AM
. C
ODE
 A
NN
. §§ 161.001, 161.206(a) (Vernon Supp. 2006);
 
In re J.F.C.
, 96 S.W.3d 256, 263 (Tex. 2002).  
The higher burden of proof in termination cases elevates the appellate standard of both legal and factual sufficiency review.  
In re J.F.C.
, 96 S.W.3d at 265; 
In re C.H.
, 89 S.W.3d 17, 25 (Tex. 2002)
.  In reviewing the evidence for legal sufficiency in parental termination cases, a court must review all of the evidence in the light most favorable to the verdict and determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the grounds for termination were proven.  
In re J.F.C.
, 
96 S.W.3d at 265
-66.  
In a factual sufficiency review, in determining whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that its finding was true, a court must consider whether disputed evidence is such that a reasonable factfinder could not have resolved it in favor of the finding.  
Id.

When the trial court conducts a frivolousness hearing on an appellant’s proposed legal and factual sufficiency issues, the trial court should
 apply the standard of review applicable to clear and convincing evidence as set out above.  When, as here, the trial court determines that the appeal is frivolous, we review that determination for an abuse of discretion.  
See De La Vega,  
974 S.W.2d at 154. 
 
Thus, the question before this court is whether the trial court abused its discretion by determining that 
the evidence is such that a factfinder could reasonably form a firm belief or conviction that its finding was true
.  With this standard in mind, we turn to the verdict and the evidence in this case.

The jury found by clear and convincing evidence that:

Appellant knowingly placed or knowingly allowed K.D. to remain in conditions or surroundings that endangered K.D.’s physical or emotional well-being;

Appellant engaged in conduct, or knowingly placed K.D. with persons who engaged in conduct, that endangered K.D.’s physical or emotional well-being;

Appellant constructively abandoned K.D.;

Appellant used a controlled substance in a manner that endangered K.D.’s health or safety and (1) failed to complete a court-ordered substance abuse program or (2) after the completion of a court-ordered substance abuse program, continued to abuse a controlled substance;

Appellant failed to comply with the provisions of a court order that specifically established the actions necessary for the return of K.D. to Appellant’s conservatorship; and

Termination of the parent-child relationship between Appellant and K.D. is in K.D.’s best interest. 

The evidence at trial showed that Appellant abused drugs, using up to three grams of methamphetamine daily; she was unemployed and failed to obtain and maintain employment as part of her service plan; Appellant did not maintain safe and suitable housing; she lived with a man whom she knew to be a drug abuser; Appellant failed to attend several drug treatment programs to which she was referred; she was expelled from another court-ordered drug treatment program; Appellant allowed K.D. to wander around a motel parking lot for over an hour while Appellant was sleeping off a methamphetamine high;  K.D. had a severe diaper rash and a head-lice infestation when she entered foster care; Appellant made virtually no progress on her CPS service plan; and Appellant attended just thirteen of thirty-four possible opportunities to visit K.D. after K.D. entered foster care. 

Considering all of the evidence, we cannot say that the trial court abused its discretion by concluding that 
the evidence is such that a factfinder could reasonably form a firm belief or conviction that its finding was true
 and that Appellant’s challenges to the legal and factual sufficiency of the evidence are frivolous.

Next, Appellant challenges the constitutionality of the parental-rights termination process as a whole.  Appellant argues that “[i]t is impossible without a record to be able to explain all the due process and equal protection issues in this matter” and that “Appellant wants the ability to challenge CPS’s unfettered discretion to set up a service plan,” and Appellant points us to the constitutional challenge she urged at the frivolousness hearing.  At the hearing, Appellant tied her constitutional challenge to the alleged delay in the appointment of counsel but did not offer factual or legal support for her constitutional argument.  We have already concluded that the trial court did not abuse its discretion when it determined that Appellant’s issue concerning the appointment of counsel was frivolous.  Based on the record that was before the trial court and that is before us now, we hold that the trial court did not abuse its discretion by finding that Appellant’s constitutional challenge is frivolous.

Finally, Appellant argues that “[o]ther possible issues that might come up after review of the record are jury selection, charge error, evidentiary rulings and arguments of counsel.”  We note that voir dire, the charge conference, and argument were not recorded by the court reporter, and Appellant did not develop evidence regarding these potential complaints at the frivolousness hearing.  Our review of the record reveals no significant, erroneous evidentiary rulings.  Thus, we cannot say that the trial court abused its discretion in concluding that these potential complaints are frivolous.

In summary, we agree that any appeal from the judgment would not present a substantial question for appellate review.  
See 
Tex. Fam. Code Ann
.
 § 263.405(d); 
Tex. Civ. Prac. & Rem. Code Ann.
 § 13.003(b);
 see also In re M.R.J.M.,
 193 S.W.3d at 676.  
Accordingly, 
we hold that the trial court did not abuse its discretion by concluding that Appellant’s appeal is frivolous.
  We overrule Appellant’s third issue.

IV. Conclusion

Having overruled all of Appellant’s issues, we affirm the judgment of the trial court.  
See 
Tex. R. App. P. 43.2(
a
)
.

ANNE GARDNER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  August 24, 2006

FOOTNOTES
1:
We note that Appellant’s constitutional complaints are vague, and her brief does not cite any particular provisions of either the federal or Texas constitution.  We infer that Appellant’s argument is based on her constitutional due process and equal protection guarantees.