Opinion issued October 15, 2009













     



In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00058-CV




ERNESTO ARANDA a/k/a ERNESTO ARELLANO, a/k/a FRANCISCO
ARELLANO, a/k/a FRANCISCO ARELLANO-ARASATE, a/k/a NIETO
ARELLANO ARANDA, a/k/a FRANCISCO ARSATO ARELLANO,
Appellant

v.

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee




On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2007–06129J




MEMORANDUM OPINION 

          Following a bench trial, the trial court signed a judgment terminating the
parent-child relationship between appellant, Ernesto Aranda a/k/a Ernesto Arellano,
a/k/a Francisco Arellano, a/k/a Francisco Arellano-Arasate, a/k/a Nieto Arellano
Aranda, a/k/a Francisco Arsato Arellano (“Aranda”), and his biological son, “John.”


 
The trial court also awarded sole managing conservatorship of John to the
Department of Family and Protective Services (“the Department”). On appeal,
Aranda challenges the trial court’s determination that his sole appellate point—listed
in his timely filed “Statement of Appellate Points”—is “frivolous.” 
          After reviewing the record and the briefs, we affirm the trial court’s order in
which it finds Aranda’s appellate point, and thus his appeal, to be frivolous. 
Relevant Procedural Background
          On August 14, 2007, the Department filed suit seeking to terminate the parent-child relationship between Aranda and John.


 Among the grounds asserted by the
Department for termination was the allegation that Aranda “knowingly engaged in
criminal conduct that has resulted in [his] conviction of an offense and confinement
or imprisonment and inability to care for [John] for not less than two years from the
date of the filing the petition, pursuant to § 161.001(1)(Q) of the Texas Family
Code.” 
          Aranda filed a cross-action against the Department in which he requested that
either his sister or his mother be named as John’s permanent managing conservator
and that he be named as possessory conservator. In his cross-petition, Aranda
averred, in part, as follows: “On October 1, 2006, [Aranda] pled guilty to the federal
offense of being an alien unlawfully in the United States after deportation and he
received a sentence of 46 months. He is currently incarcerated in a federal facility in
South Carolina.” 
          Aranda waived trial by a jury, and the Department’s termination suit against
him was tried to the bench. At trial, the Department offered business records showing
that Aranda had undergone DNA testing and that such testing revealed that Aranda
is John’s biological father. Aranda made no objection to the admission of the DNA
records. The Department also offered into evidence, without objection from Aranda,
the Department’s permanency plan and progress report, which provided that Aranda
was “currently incarcerated and will not be released for another 2 years.” 
          In addition, the Department offered certified copies of four separate judgments
of conviction for Aranda. The first three were for Texas state felony convictions. 
The fourth judgment indicated that, on October 1, 2006, “Francisco Arellano-Arasate” was convicted of a federal offense described in the judgment as follows:
“Alien Unlawfully Found in the United States After Deportation Having Been
Previously Convicted of Aggravated Felony” Aranda objected to the admission of
the four judgments on relevancy grounds by asserting that “there’s no proof at this
point linking the individuals named in these documents to [Aranda].” The trial court
overruled Aranda’s objection and admitted all four judgments, including the federal
judgment, which indicates that Aranda was sentenced to 46 months in prison. The
judgment also lists seven aliases for Aranda, including “Ernesto Aranda.” 
          Following trial, the trial court granted the relief sought by the Department. The
court signed a decree terminating the parent-child relationship between Aranda and
John and awarding the Department sole managing conservatorship of the child.


 
          In support of termination, the judgment recites that the trial court found, by
clear and convincing evidence, that terminating Aranda’s parental rights was in
John’s best interest. The judgment further recites that the trial court found, by clear
and convincing evidence, that Aranda has “knowingly engaged in criminal conduct
that has resulted in the father’s conviction of an offense and confinement or
imprisonment and inability to care for the children for not less than two years from
the date of the filing the petition, pursuant to § 161.001(1)(Q) of the Texas Family
Code.” No findings of fact or conclusions of law were filed or requested. 
          Aranda timely filed a motion for new trial and a statement of appellate points. 
Aranda identified one appellate point in which he challenged the legal and factual
sufficiency of the evidence to support the trial court’s predicate finding under
subsection 161.001(1)(Q).



          Following a hearing, the trial court denied Aranda’s motion for new trial and
found his appellate point to be “frivolous.” Aranda timely filed a notice of appeal and
now challenges the trial court’s determination that the basis for his appeal is
frivolous. 
Law Applicable to Reviewing a Trial Court’s Frivolousness Finding
          Family Code section 263.405(d)(3) directs the trial court to determine whether
an appeal from a termination order is frivolous “as provided by section 13.003(b),
Civil Practices and Remedies Code.” Tex. Fam. Code Ann. § 263.405(d)(3) (Vernon
2008). Section 13.003(b) provides that, “[i]n determining whether an appeal is
frivolous, a judge may consider whether the appellant has presented a substantial
question for appellate review.” Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b)
(Vernon 2002). For analysis purposes, an appeal is frivolous when it lacks an
arguable basis either in law or in fact. Lumpkin v. Dep’t of Family & Protective
Servs., 260 S.W.3d 524, 527 (Tex. App.—Houston [1st Dist.] 2008, no pet.).
          If a trial court makes a frivolousness finding, the aggrieved parent can appeal,
but the appeal is initially limited to the frivolousness issue. Id. at 526 (citing Tex.
Fam. Code Ann. § 263.405(g) and In re K.D., 202 S.W.3d 860, 865 (Tex.
App.—Fort Worth 2006, no pet.)). In other words, before we can reach the
substantive merits of an appeal in which a frivolousness finding has been made, we
must first determine whether the trial court properly found the appeal to be frivolous.


 
Id. 
          We review a trial court’s frivolousness finding under an abuse of discretion
standard. Id. Applying that standard, we decide whether the trial court acted without
reference to any guiding rules or principles; in other words, we must decide whether
the act was arbitrary or unreasonable. Id. at 527 (citing Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)). 
                         Analysis of Trial Court’s Frivolousness Finding
          As mentioned, the trial court found Aranda’s sole appellate point challenging
the legal and factual sufficiency of the evidence to be frivolous. In so doing, the trial
court implicitly found that the stated appellate challenge lacked a substantial basis in
law or fact. 
          Due process requires the petitioner to justify termination of parental rights by
clear and convincing evidence. Tex. Fam.Code Ann. §§ 161.001, 161.206(a)
(Vernon 2008); In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002). The higher burden of
proof in termination cases elevates the appellate standard of both legal and factual
sufficiency review. See J.F.C., 96 S.W.3d at 265; In re C.H., 89 S.W.3d 17, 25 (Tex.
2002). In conducting a legal-sufficiency review in parental rights termination cases,
a court must review all of the evidence in the light most favorable to the verdict and
determine whether the evidence is such that a fact-finder could reasonably form a
firm belief or conviction that the grounds for termination were proven. J.F.C., 96
S.W.3d at 265–66. In a factual sufficiency review, when determining whether the
evidence is such that a fact-finder could reasonably form a firm belief or conviction
that its finding was true, a court must consider whether disputed evidence is such that
a reasonable fact-finder could not have resolved it in favor of the finding. Id. at 266.
          When it makes a frivolousness determination on an appellant’s proposed legal
and factual sufficiency point, the trial court should apply the standards of review
applicable to clear and convincing evidence set out above to determine whether the
appeal has a substantial basis in law or in fact. See K.D., 202 S.W.3d at 867–68. 
Thus, the question now before this Court is whether the trial court abused its
discretion in its review of the sufficiency of the evidence.
          With these principles in mind, we turn to the record in this case. 
          To reiterate, the challenged predicate finding supporting termination in this
case was pursuant to Family Code subsection 161.001(1)(Q). See Tex. Fam. Code
Ann. § 161.001(1)(Q). Subsection Q permits termination when clear and convincing
evidence shows that the parent “knowingly engaged in criminal conduct that has
resulted in the parent’s: (i) conviction of an offense and (ii) confinement or
imprisonment and inability to care for the child for not less than two years from the
date of filing the petition.” Id.; see In re A.V., 113 S.W.3d 355, 360–61 (Tex. 2003). 
Subsection Q is applied prospectively. A.V., 113 S.W.3d at 360. In other words,
subsection Q permits termination if the evidence shows that, during the two-year
period following the initiation of the termination proceedings, the parent will be
confined or imprisoned and unable to care for the child. See id. at 360–61.
          As he did at the frivolousness hearing, Aranda now attacks the trial court’s
sufficiency of the evidence determination, regarding the predicate Subsection Q
finding, by attacking the admissibility of the federal judgment. As mentioned, the
federal judgment indicates that “Francisco Arellano-Arasate” was sentenced to 46
months in prison on October 1, 2006.


 Appellant argues that the federal judgment
cannot support the trial court’s predicate finding because the Department made no
showing that he is the person named in the federal judgment.



          In response, the Department points out that Aranda’s cross-petition contains
the following statement: “On October 1, 2006, [Aranda] pled guilty to the federal
offense of being an alien unlawfully in the United States after deportation and he
received a sentence of 46 months. He is currently incarcerated in a federal facility in
South Carolina.” The Department asserts that such statement constitutes a judicial
admission and that the federal judgment was merely cumulative of the judicially
admitted fact of his incarceration, more specifically, of the fact that he was
incarcerated for not less than two years from the date of filing the termination
petition. 
          “Assertions of fact, not plead in the alternative, in the live pleadings of a party
are regarded as formal judicial admissions.” Holy Cross Church of God in Christ v.
Wolf, 44 S.W.3d 562, 568 (Tex. 2001) (quoting Houston First Am. Sav. v. Musick,
650 S.W.2d 764, 767 (Tex. 1983)). A judicial admission that is clear and unequivocal
is a formal waiver of proof that dispenses with the production of evidence on an issue,
has conclusive effect, and bars the admitting party from disputing the admitted fact. 
Id.
          Aranda’s assertion in his cross-petition regarding his conviction and
incarceration was not pled in the alternative and is a clear and unequivocal statement. 
In short, the cited statement was a judicial admission, which waived the necessity of
proof on the fact of Aranda’s incarceration, had a conclusive effect, and barred
Aranda from later disputing the facts of the statement. See Holy Cross Church, 44
S.W.3d at 568. 
          In any event, the record also shows that the Department offered evidence of
Aranda’s incarceration, aside from the federal judgment. As mentioned, the trial
court admitted, without objection from Aranda, the Department’s November 1, 2008
permanency plan and progress report, which provided that Aranda was “currently
incarcerated and will not be released for another 2 years.” 
          In addition, the record shows that some evidence was admitted, without
objection by Aranda, indicating that he is the person named in the federal judgment. 
Information used to identify Aranda in the unobjected-to DNA records reflect the
same “register number” as that used to identify Aranda in the certified copy of the
federal judgment. A photograph used to identify Aranda in the DNA records appears
to be the same photograph accompanying the judgment received from the Federal
Bureau of Prisons. 
          After considering the record, we conclude that the trial court could have
properly determined that Aranda’s legal and factual sufficiency point lacked a
substantial basis in law or in fact. Thus, we hold that the trial court did not abuse its
discretion when it found Aranda’s legal and factual sufficiency point, and hence the
appeal, to be frivolous.
Conclusion
          We affirm the trial court’s order finding Aranda’s appeal to be frivolous. 



                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Jennings, Higley, and Sharp.