# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-09-00436-CV

---

**Frank R., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT**
**NO. C-08-0040-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Frank R. appeals a final order terminating his parental rights to his biological child, D.D.G.[1] After a bench trial, the trial court rendered a final order terminating appellant's parental rights, finding that statutory grounds for termination existed and that termination of appellant's rights was in the best interest of the child.[2] *See* Tex. Fam Code. Ann. § 161.001 (West Supp. 2009). After a hearing pursuant to Texas Family Code section 263.405(d), the trial court denied appellant's motion for new trial and entered an order finding his appeal to be frivolous. *See id*. § 263.405(d) (West 2008). This is an appeal from the trial court's order finding his appeal frivolous. We affirm the trial court's order.

---

[1] Pursuant to rule 9.8 of the rules of appellate procedure, we use an alias to refer to the minor and the parent. *See* Tex. R. App. P. 9.8.

[2] The court found by clear and convincing evidence that the mother executed an irrevocable affidavit of relinquishment of her parental rights of the child. *See* Tex. Fam. Code Ann. § 161.001(1)(K) (West Supp. 2009).

*Background*

Appellant is the father of D.D.G., who was born on December 25, 2007. After removal of the child from the custody of the mother on December 31, 2007 due, inter alia, to allegations of drug usage and the occurrence and likelihood of occurrence of family violence, the Department sought to terminate the parental rights of the child's parents. The child's natural mother executed an unrevoked and irrevocable affidavit of relinquishment and her parental rights were terminated pursuant to Texas Family Code section 161.001(1)(K). *See id.* § 161.001(1)(K).

As to appellant, the Department sought and the trial court found by clear and convincing evidence three statutory grounds for terminating appellant's parental rights and that the termination was in the child's best interest. The court found by clear and convincing evidence that (i) appellant constructively abandoned the child who had been in the permanent or temporary managing conservatorship of the Department for not less than six months, the Department had made reasonable efforts to return the child to appellant, and appellant had not maintained significant contact with the child and had demonstrated an inability to provide the child with a safe environment pursuant to section 161.001(1)(N); (ii) appellant had failed to comply with the provisions of a court order setting forth the actions required for appellant to obtain the return of the child pursuant to section 161.001(1)(O); and (iii) appellant knowingly engaged in criminal conduct that resulted in his conviction and confinement and inability to care for the child for not less than two years pursuant to section 161.001(1)(Q). *See id.* § 161.001(1)(N), (O), (Q).

Appellant filed a motion for new trial and statement of points on appeal. On August 12, 2009, the court entered an order denying the motion for new trial and finding that the

appeal was frivolous. *See id*. § 263.405(d). Thereafter, the court entered an order finding that appellant was indigent and could continue the appeal as an indigent with the same counsel. This appeal followed.

### *Scope and Standard of Review*

Once a trial court determines that an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court's frivolousness finding. *Id*. § 263.405(g) (West 2008). In determining whether an appeal is frivolous, "a judge may consider whether the appellant has presented a substantial question for appellate review." Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002); Tex. Fam. Code Ann. § 263.405(d)(3) (incorporating section 13.003(b) by reference); *see In re K.D.*, 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006, no pet.). A proceeding is frivolous when it lacks an arguable basis either in law or in fact. *Id.* (citing *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.)). We review a trial court's finding of frivolousness under the abuse of discretion standard. *Id*. The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or whether it acted arbitrarily and unreasonably under all the circumstances of a particular case. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002); *see In re H.R.*, 87 S.W.3d 691, 702 (Tex. App.—San Antonio 2002, no pet.).

To terminate a parent-child relationship, a trial court must find by clear and convincing evidence that (1) termination is in the best interest of the child, and (2) the parent committed one or more of the acts specifically set forth in family code section 161.001(1). Tex. Fam. Code Ann. § 161.001. Clear and convincing evidence is defined as the "measure or degree of

proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id*. § 101.007 (West 2008). Only one ground under section 161.001(1) is necessary to support a judgment in a parental rights termination case. *Id*. § 161.001(1); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

### *Frivolousness Finding*

Although appellant included in his statement of points on appeal challenges to the legal and factual sufficiency of the statutory grounds for termination and to the court's finding that termination was in the child's best interest, he does not challenge these grounds on appeal. His sole challenge on appeal is limited to the court's findings that all reasonable efforts were made to prevent or eliminate the need for removal and that the Department had properly attempted to place the child with a family member. Appellant urges that the trial court abused its discretion in finding his appeal frivolous because he presented his mother as a proper relative for placement. Without citing the record, appellant contends that the Department improperly rejected his mother as a possible placement based solely upon a DWI conviction history and that this rejection supports that his appeal was not frivolous.

Section 262.201(e) of the Family Code provides:

> The court shall place a child removed from the child's custodial parent with the child's noncustodial parent or with a relative of the child if placement with the noncustodial parent is inappropriate, unless placement with the noncustodial parent or a relative is not in the best interest of the child.

Tex. Fam. Code Ann. § 262.201(e) (West Supp. 2009); *see also id.* 262.114 (West Supp. 2009) (evaluation of identified relatives and placement with relatives). In enabling the State to give preference to a relative of the child if placement with the noncustodial parent is inappropriate, the trial court has broad discretion in determining the best interest of the child. *In re S.P.*, 168 S.W.3d 197, 211 (Tex. App.—Dallas 2005, no pet.); *see also* Tex. Fam. Code Ann. § 153.002 (West 2008) ("The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child."); *In re J.F.C.*, 96 S.W.3d 256, 304 (Tex. 2002) (family code's statutory scheme for protecting children's welfare focuses on the child's best interest).

Although a trial court should evaluate the reasonable efforts of the Department to identify relatives who could provide the child with a safe environment if the child is not returned to a parent, the Department's placement of the child with a non-relative does not preclude termination:

> The determination of where a child will be placed is a factor in evaluating the child's best interest, but it is not a bar to termination that placement plans are not final or that placement will be with non-relatives.

*In re C.C.*, No. 2-04-206-CV, 2005 Tex. App. LEXIS 4096, at *20 (Tex. App.—Fort Worth May 26, 2005, no pet.) (mem. op.). Appellant provides no authority, and we have found none, that suggests that there is either a statutory or a common-law duty imposed on the Department to make a placement with a relative before a party's parental rights may be terminated. *See id.*; *see also In re K.W.*, No. 2-09-041, 2010 Tex. App. LEXIS 291, at *28-29 (Tex. App.—Fort Worth January 14, 2010, no pet.) (mem. op.).

5

Further, the record before us shows that the trial court reviewed and the Department made reasonable efforts to place the child with a relative. In an Order Establishing Parent-Child Relationship entered on September 29, 2008, appellant was adjudicated as D.D.G.'s biological father. Thereafter, in a Permanency Plan and Permanency Progress Report filed by the Department on April 13, 2009, the Department caseworker advised the court:

> [Appellant] has provided his mother as a placement option. Worker has conducted the initial criminal background check on [appellant's mother] and her common law husband . . . . Based off the results of the criminal history [appellant's mother] is not a viable placement option which the Department can pursue at this time.

After the permanency hearing in May 2009, the trial court made the following findings:

2.2. The Court has reviewed services plans, permanency reports and other information submitted to the Court to determine the safety of the child, the continuing necessity and appropriateness of the placement of the child, the extent of compliance with the case plan, the extent of progress which has been made toward alleviating or mitigating the causes necessitating placement in foster care, and to project a likely date by which the child may be returned to and safely maintained in the home or placed for adoption or in a permanent managing conservatorship, as applicable. The Court finds that the Department has made reasonable efforts, as identified in its service plans and/or Permanency Progress Reports, to finalize the permanency plan that is in effect for the child.

2.4. The Court has evaluated the Department's efforts to identify relatives who could provide the child with a safe environment if the child is not returned to a parent or another person or entity entitled to service under Chapter 102, Texas Family Code and to obtain the assistance of each parent to provide information necessary to locate an absent parent, alleged father, or relative of the child. The Court has further reviewed the efforts of each parent or relative before the Court in providing information necessary to locate another

6

absent parent or relative of the child pursuant to § 263.306(a)(3), Texas Family Code.

3.1.   The Court finds that neither the child's parents nor any other person or entity entitled to service under Chapter 102, Texas Family Code is willing and able to provide the child, [D.D.G.], with a safe environment, and therefore return of the child to a parent or other person or entity is not in the child's best interest.

3.1.1.   The Court finds that the child continues to need substitute care and the child's current placement is appropriate for the child's needs.

After a bench trial held on June 3 and June 18, 2009, the trial court issued a letter ruling reciting that it had reviewed the evidence, argument of counsel, and the pleadings on file, and that the court had made findings by clear and convincing evidence that appellant's rights were terminated pursuant to the three sections of the family code and in the child's best interest. The final order also contained these findings.

Appellant does not present a substantial question for appellate review. *See* Tex. Fam. Code Ann. § 263.405(d); Tex. Civ. Prac. & Rem. Code. Ann. § 13.003(b). Appellant does not challenge the factual or legal sufficiency of the grounds for termination or that the termination is in the child's best interest—all of which were included in his statement of points on appeal that the trial court concluded were frivolous—but challenges only that the Department placement should have been with a relative. He further fails to cite to or adduce any evidence that supports his claim that the placement should have been with a relative. Based upon our review of the record, we conclude that the trial court did not abuse its discretion in determining that Rodriguez's appeal was frivolous. *See In re K.D.*, 202 S.W.3d at 866.

We affirm the trial court's order.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   April 13, 2010