# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-10-00767-CV
---

**A.M., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---
### FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
### NO. 2010-0384, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from an order terminating the parental rights of appellant A.M. to her child, K.M.W.[1]  After a final hearing, the trial court ordered A.M.'s parental rights terminated based upon findings that she had constructively abandoned her child and that termination was in the best interest of the child.  *See* Tex. Fam. Code Ann. § 161.001(1) (N), (2) (West Supp. 2010).  A.M. filed a motion for new trial, a statement of points on appeal, and a notice of appeal. The trial court held a hearing pursuant to section 263.405 of the family code.  *See id*. § 263.405 (West 2008) (procedure for appealing final order).  The trial court denied A.M.'s motion for new trial and, after considering her statement of points on appeal, determined that her appeal was frivolous. *See id*. § 263.405(i) (appeal of termination order limited to issues presented in statement of points on appeal).

---

[1]  We use aliases to refer to appellant and her child.  *See* Tex. R. App. P. 9.8.

An appeal is frivolous when it lacks an arguable basis in law or in fact. *See id*. § 263.405(d)(3) (appeal is frivolous as provided by section 13.003(b) of civil practice and remedies code); *In re K.D.*, 202 S.W.3d 860, 865-66 (Tex. App.—Fort Worth 2006, no pet.). When a trial court makes a frivolousness finding, an aggrieved parent's appeal is initially limited to appealing the trial court's finding that the appeal is frivolous. *See* Tex. Fam. Code Ann. § 263.405(g); *Lumpkin v. Department of Family & Protective Servs.*, 260 S.W.3d 524, 526 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *In re K.D.*, 202 S.W.3d at 865. We review a trial court's frivolousness finding under an abuse of discretion standard. *Lumpkin*, 260 S.W.3d at 526-27. A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id*. (citing *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex. 1985)). In undertaking our review, we limit our review to the parent's statement of points on appeal and the record from the hearing held pursuant to section 263.405(d) of the family code. *See* Tex. Fam. Code Ann. § 263.405(d), (g), (i).

A.M.'s court-appointed attorney has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs*., 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (same). A.M.'s attorney states that he carefully examined the record and researched relevant statutes and case law and concludes that the appeal presents only legally frivolous issues. The brief filed by A.M.'s attorney meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds for appeal. *See Anders*, 386 U.S. at 744. The record reflects that A.M.'s attorney served a copy of the *Anders* brief on

2

A.M. on April 21, 2011, and informed her of her right to file a pro se brief. A.M. has not filed a pro se brief.

We have carefully reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. Accordingly, we conclude that the trial court acted within its discretion in finding that the appeal is frivolous and affirm the trial court's order terminating A.M.'s parental rights to K.M.W.[2]

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: June 16, 2011

---

[2] We grant A.M.'s appellate attorney's motion to withdraw. We order A.M.'s appellate attorney to notify A.M. of the disposition of this appeal and the availability of discretionary review to the Texas Supreme Court. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.). We also dismiss as moot the motion to withdraw and appoint attorney and motion for extension of time to file appellant's brief that was filed by A.M.'s trial attorney prior to our abatement order. On remand, the trial court granted A.M.'s trial attorney's motion to withdraw.