# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00142-CV

**Audry Michelle Allen, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
NO. C-10-0046-AG, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Audry Michelle Allen filed her notice of appeal on June 15, 2011, but we did not receive a copy of the notice of appeal from the trial court until March 9, 2012. On April 27, 2012, after we inquired into the status of the record, appellant informed us that she was not appealing from the trial court's finding that the appeal was frivolous[1] and was "trying to

---

[1] Under former section 263.405, when a parent appealed from a termination decree, the trial court was required to hold a hearing to determine whether the parent was indigent and whether the appeal was frivolous under the civil practice and remedies code. *See* former Tex. Fam. Code. § 263.405(d), *repealed by* Act of May 9, 2011, H.B. 906, 82d Leg., R.S., § 4 (2011); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 13.003 (West 2002) (party is only entitled to free record if trial court finds appeal is not frivolous and record is necessary on appeal). If an appeal was determined to be frivolous, the parent was only entitled to a free record from the frivolousness hearing to appeal that determination. *See* former Tex. Fam. Code § 263.405(g); *In re K.D.*, 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2005, no pet.) (op. on reh'g) ("trial court's frivolousness determination has the consequence of denying an indigent appellant the right to" free record). The parent was only entitled to a free record from the entire proceeding if she could show her appeal was not frivolous. Those portions of section 263.405 have been repealed, but they apply to this cause because the notice of appeal was filed before the effective date of the new statute. *See* H.B. 906, § 8.

obtain the funds necessary to prosecute the appeal. However, as of this date, the Appellant has been unsuccessful in securing the required fees." On May 15, we sent appellant a letter informing her that unless she could show that she had paid for or made arrangements to pay for the record by June 14, the appeal would be dismissed for want of prosecution. *See* Tex. R. App. P. 42.3(b). To date, we have not received any communication in response to our May 15 letter, and when we inquired with the trial court clerk on June 18, we were informed that no payment or arrangements to pay had been made.

Because appellant is not appealing from the frivolousness finding and has not made arrangements to pay for the record, we dismiss the appeal for want of prosecution. *See id.*

_____

David Puryear, Justice

Before Justices Puryear, Henson and Goodwin

Dismissed for Want of Prosecution

Filed: July 10, 2012