**Order issued October 18, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-10-00231-CV**

———————————

**SABRINA K. TAYLOR, Appellant**

**V.**

**MICHAEL ALLON, M.D. AND CHRISTUS ST. CATHERINE HOSPITAL,**
**Appellees**

———————————————————————————————————————

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-60378**

———————————————————————————————————————

## MEMORANDUM ORDER

Appellant Sabrina K. Taylor sued appellees Michael Allon, M.D. and

Christus St. Catherine Hospital for medical malpractice. The trial court granted the

appellees' motions to dismiss the suit on the grounds that appellant's expert report

failed to meet the requirements of Chapter 74 of the Civil Practice and Remedies Code. Appellant appealed the dismissal of her suit and filed an affidavit of inability to pay the costs of appeal.

At a hearing to determine whether the appeal is frivolous, appellant argued that her case should not have been dismissed because her expert report was not insufficient under Chapter 74 of the Civil Practice and Remedies Code, or, in the alternative, could have been cured with the grant of a thirty-day extension. Appellees argued that appellant's expert report was deficient and that the deficiencies were incurable. After the hearing, the trial court entered an order finding that there is no substantial question for appellate review and that appellant's appeal is frivolous.

We affirm the trial court's order.

**Standard of Review and Governing Legal Principles**

**A. Frivolousness Finding**

The Texas Civil Practice and Remedies Code sets out certain requirements that must be met for a litigant to obtain a free record on appeal. Section 13.003 states, in pertinent part, that a trial court clerk and court reporter shall provide a record for appeal without cost only if

> (1)    an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and

(2) the trial judge finds:

    (A) the appeal is not frivolous; and

    (B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (West 2002). In determining whether an appeal is frivolous, "a judge may consider whether the appellant has presented a substantial question for appellate review." *Id.* § 13.003(b). An appeal is frivolous "when it lacks an arguable basis either in law or in fact." *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). We review the trial court's order regarding frivolousness under an abuse of discretion standard. *In re K.D.*, 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam).

**B. Dismissal under Chapter 74 of the Civil Practice & Remedies Code**

Texas Civil Practice & Remedies Code section 74.351 requires that the trial court dismiss a health care liability claim unless the claimant serves an expert report on each defendant within 120 days after filing suit. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (West 2011); *Samlowski v. Wooten*, 332 S.W.3d 404, 406 (Tex. 2011). The dismissal requirement is subject to the trial court's discretion to grant

3

one thirty-day extension for the claimant to cure a timely-served but deficient report. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c); *Samlowski*, 332 S.W.3d at 406. A trial court should deny the extension when a deficient expert report cannot be readily cured. *Samlowski*, 332 S.W.3d at 411. When the trial court denies a motion to cure, the claimant must make a record that demonstrates that the deficiency would have been cured. *Id.* at 411.

A court must grant a motion challenging the adequacy of an expert report if it appears that the report does not represent an objective good-faith effort to comply with the definition of an expert report in section 74.351(r)(6) of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(*l*). To constitute a good-faith effort, an expert report must discuss "the applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6); *American Transitional Care Centers of Texas v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). Further, "[t]o constitute a good-faith effort, the report must provide enough information to fulfill two purposes: (1) it must inform the defendant of the specific conduct the plaintiff has called into question, and (2) it must provide a basis for the trial court to conclude that the

claims have merit." *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002); *Palacios*, 46 S.W.3d at 875, 879.

The trial court should look no further than the report when determining whether the report constitutes a good-faith effort under section 74.351. *Wright*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 878. We review a trial court's order denying an extension under section 74.351(c) and dismissing a case pursuant to section 74.351(*l*) for an abuse of discretion. *See Samlowski*, 332 S.W.3d at 407.

### Analysis

In September 2007, appellant Sabrina K. Taylor underwent surgical procedures performed by Dr. Michael Allon at Christus St. Catherine Hospital. Following the procedures, appellant developed a Methicillin-resistant Staphylococcus aureus (MRSA) infection. Appellant then sued appellees for medical malpractice. After appellant purported to serve an expert report, appellees moved to dismiss the case because the report failed to comply with Chapter 74 of the Civil Practice & Remedies Code. Appellant opposed the motions to dismiss and requested a 30-day extension to cure the deficiencies in her expert report.

The record reflects that the trial court denied appellant's motion for a 30-day extension to cure the deficiencies in her expert report and dismissed appellant's medical malpractice claims against appellees because appellant's expert report

failed to meet the statutory requirements of Chapter 74. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. After reviewing the report, we conclude that the trial court correctly determined that the report does not constitute a good-faith effort under section 74.351(r)(6). *See Wright*, 79 S.W.3d at 52.

The report submitted by appellant on her behalf was a letter prepared by Dr. Al Davies, M.D. The report does not discuss the applicable standards of care or the manner in which the care rendered by Dr. Allon or Christus St. Catherine Hospital failed to meet any standard. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6); *Palacios*, 46 S.W.3d at 875. A discussion of both of these elements was required for the expert report to constitute a good-faith effort under section 74.351(r)(6). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6); *Palacios*, 46 S.W.3d at 875. However, the report neither discussed any standard of care, nor discussed how any such standard applies to the conduct of the appellees.

To the extent that the expert report discussed the third element required by section 74.351(r)(6), the causal relationship between appellees' conduct and appellant's injury, the report calls into question the causal relationship between the two. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6); *Palacios*, 46 S.W.3d at 875. In the report, Dr. Davies stated, among other things:

- "The existence of a wound infection is not prima facie evidence for negligence. There is no specific documented event that was inherently negligent on the part of Dr. Allon or Christus St.

6

Catherine. That is not to say there was no negligence, but just to say that if a negligent act were to have been committed, such was not objectively documented."

- "In short, while it is obvious that MRSA got into the wound there is no specific, objective evidence how that contamination occurred in this case. It is not even reasonable to assert that the only way MRSA got there was via the physician or hospital personnel or equipment, since there is strong evidence that patients and visitors are often found to be the source that contaminates a wound. The onset of symptoms so rapidly postoperatively is in favor of the possibility that Ms. Taylor already had MRSA on her body as of the time of the surgery, potentially leading to rapid spread to the wound."

- "In reasonable medical probability the proximate cause of Ms. Taylor's infection was contamination of her wound by MRSA either on the skin or hematogenously from an IV or similar site. I cannot objectively connect the events of the infection to any specific documented negligence on the part of Dr. Allon or Christus St. Catherine Hospital."

The trial court may reasonably determine that an expert report does not constitute a good-faith effort to comply with section 74.351 if the report simply opines that a plaintiff might have had the possibility of a better outcome, without explaining how the defendant's conduct caused injury to the plaintiff. *See Wright*, 79 S.W.3d at 53. Here, Dr. Davies neither explained how the appellees' conduct caused injury to the appellant, nor opined that appellant might have had the possibility of a better outcome. Rather, Dr. Davies opines that "[i]t is not even reasonable" to assert that the most likely source of the infection was the conduct of the appellees and that he

could not "objectively connect" appellant's infection to the appellees' conduct. In short, appellant's report fails to state what, if any, conduct by appellees breached a standard of care or caused appellant's injury. Thus, the trial court did not abuse its discretion in concluding that the report did not establish a causal relationship between the appellees' conduct and appellant's injury, as required. *See Wright*, 79 S.W.3d at 52.

To constitute a good-faith effort, the expert report was required to provide enough information to inform the appellees of the specific conduct the appellant was calling into question and to provide a basis for the trial court to conclude that appellant's claims had merit. *Wright*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 875, 879. Here, the report did not point to any conduct by appellees that caused appellant's injury, and it questioned the reasonableness of attributing appellant's injury to any conduct by appellees. The report therefore provided no basis for the trial court to conclude that appellant's claims had merit. When an expert's report does not put the defendant or trial court on notice of the complained of conduct, section 74.351 "affords the trial court no discretion but to conclude . . . that the report does not represent a good-faith effort to provide a fair summary of the standard of care and how it was breached." *Palacios*, 46 S.W.3d at 880. Because the report did not represent a good-faith effort to comply with section 74.351(r)(6),

the trial court was required to grant appellees' motions to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(*l*).

Furthermore, the trial court did not abuse its discretion in concluding that the report could not be readily cured and denying appellant's request for a 30-day extension. Dr. Davies, appellant's own expert, stated that it was not possible to "objectively connect" the appellant's injury to the appellees' conduct and that "[i]t [was] not even reasonable" to assert that the most likely source of the infection was the conduct of the appellees. Thus, in order satisfy the requirement that the expert report establish a causal relationship between appellees' conduct and appellant's injury, Dr. Davies would have had to fundamentally alter his opinion. *See Wright*, 79 S.W.3d at 52. This is not the type of "cure" contemplated by section 74.351(c). *See, e.g.*, *Palacios*, 46 S.W.3d at 880 ("cure" permitted by section 74.351(c) does not allow plaintiff to add required elements to report that were initially omitted). The report also omitted discussion of the standard of care or any breach by appellees, as required by section 74.351(r)(6). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6) (elements required are the applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed). If an expert report omits required elements under

section 74.351(r)(6), the trial court has no discretion but to dismiss the claims. *See Wright*, 79 S.W.3d at 53–54. And, even if a trial court errs in denying a request for the thirty-day extension provided by section 74.351, that error is not an abuse of discretion if it is merely a reasonable error in judgment. *See Samlowski*, 332 S.W.3d at 411–12.

On January 5, 2012, the trial court held an evidentiary hearing to determine whether appellant's appeal of the dismissal of her claims was frivolous. Following the hearing, the trial court issued orders in which it found that there is no substantial question for appellate review and that appellant's appeal is frivolous.

We have reviewed the record of the hearing regarding frivolousness, the records before the trial court at that hearing, and the records before the trial court when it made its original determination to dismiss appellant's claims. Appellant's issue on appeal is that the trial court should not have denied her request for a thirty-day extension and dismissed her case on the grounds that her expert report was incurably deficient under Chapter 74 of the Civil Practice and Remedies Code. Because the record demonstrates that the trial court properly exercised its discretion in determining that appellant's expert report was incurably deficient, we find that the trial court also properly determined that there is no substantial question for appellate review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b); *Palacios*,

46 S.W.3d at 880. Accordingly, the trial court did not abuse its discretion in determining that appellant's appeal is frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a); *De La Vega*, 974 S.W.2d 152 at 154.

## Conclusion

Records complying with our orders of abatement have been filed in this Court. Therefore, we order this appeal REINSTATED. The trial court's order finding that there is no substantial question for appellate review and that appellant's appeal is frivolous is hereby AFFIRMED. Pursuant to this Court's July 21, 2011 memorandum order, the Clerk of this Court is ORDERED to make an entry in this Court's records that appellant is indigent and is allowed to proceed on appeal without advance payment of the filing fee in this Court. Appellant is ORDERED to file within 30 days of the date of this order proof that appellant has paid or made arrangements to pay the clerk's fee for preparing the remaining documents in the clerk's record required by Texas Rule of Appellate Procedure 34.5 or this Court may dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 37.3(b); 42.3(b). There is no reporter's record in the underlying trial court cause. Appellant's brief is therefore ORDERED filed with this Court within 30 days of the date the remaining documents in the clerk's record required by Texas Rule of

Appellate Procedure 34.5 are received in this Court.  Appellee's brief, if any, must be filed within 30 days of the date Appellant's brief is filed.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.