**Opinion filed July 23, 2009**



In The

# Eleventh Court of Appeals

————

## No. 11-08-00293-CV

————

## IN THE INTEREST OF S.N., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 6436-CX**

### O P I N I O N

This is an accelerated appeal from the trial court's order terminating appellant's parental rights. We affirm.

*Background Facts*

Appellant is the father of S.N. T.M. is the mother of S.M. and S.N. T.M. and appellant lived together with S.M. and S.N. In March 2007, S.M. and S.N. were removed from the home. The Texas Department of Family and Protective Services received information that appellant had hit S.M. and left bruises on her arms and thighs. The Department also learned that the parents used drugs in the home and that appellant was abusive to T.M. The Department filed a Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting Parent-Child Relationship. Appellant was subsequently charged with injury to a child for hitting S.M. Appellant pleaded no contest to the charge and was sentenced to fifteen years confinement. At the time of the termination hearing, appellant was in prison and would be eligible for parole in February 2009. In

its petition, the Department alleged five acts or omissions as the basis for terminating appellant's parental rights to S.N. It alleged that he:

13.1 knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

13.2 engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

13.3 knowingly engaged in criminal conduct that has resulted in the parent's:

(i) conviction of an offense; and

(ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing of the petition;

13.4 been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code or adjudicated under Title 3 for conduct that caused the death or serious injury of a child and that would constitute a violation of one of the following Penal Code sections:

§ 22.04 (injury to a child, elderly individual, or disabled individual)

13.5 failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the child who [has] been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

The trial court received evidence pertaining to the termination at a bench trial. At the conclusion of the trial, the court found that appellant had engaged in criminal conduct that resulted in his confinement and inability to care for his child for not less than two years and that he had been convicted of injury to a child. The trial court also found that termination was in S.N.'s best interest. The written termination order was filed on October 6, 2008. On October 14, 2008, appellant filed a notice of appeal and statement of points on which he intended to appeal. He identified the following complaints in his statement of points on appeal:

1. Texas Family Code 263.405(b) is unconstitutional and violates [appellant's] rights to due process and equal protection under Article [I], § 12 of the

2

Constitution of the State of Texas and the 5th and 14th Amendments to the United States Constitution.

2. Texas Family Code 263.405(i) is unconstitutional and violates [appellant's] rights to due process and equal protection under Article [I], § 12 of the Constitution of the State of Texas and the 5th and 14th Amendments to the United States Constitution.

3. The evidence adduced at trial (or any prior hearing) was both legally and factually insufficient to establish by clear and convincing evidence that the termination of [appellant's] parental rights was in the best interest of the children as set forth in paragraph 7.1 of the Termination Order.

4. The evidence adduced at trial (or any prior hearing) was both legally and factually insufficient to establish by clear and convincing evidence that [appellant] has been convicted for being criminally responsible for the injury of a child constituting a violation of § 22.04 of the Texas Penal Code as set forth in paragraph 7.2.1 of the termination order.

5. The evidence adduced at trial (or any prior hearing) was both legally and factually insufficient to establish by clear and convincing evidence [appellant] knowingly engaged in criminal conduct that resulted in the conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition as set forth in paragraph 7.2.2 of the termination order.

The trial court held a hearing to determine if any of appellant's points were frivolous and found that Points One and Two were not frivolous and that Points Three, Four, and Five were frivolous. Appellant does not challenge this finding.

*Issues on Appeal*

Appellant raises three issues on appeal. First, he argues that TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2008) is unconstitutional because it deprives indigent parents their due process rights. Next, appellant argues that TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008) is unconstitutional because it violates the doctrine of separation of powers. Finally, he asserts that Section 263.405(i) is unconstitutional because it deprives indigent parents of their due process rights.

*Standard of Review*

A party may challenge a statute as being unconstitutional on its face or as applied to that party. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518 n.16 (Tex. 1995); *City of*

*Corpus Christi v. Pub. Util. Comm'n of Tex.*, 51 S.W.3d 231, 240-41 (Tex. 2001). It is unclear whether appellant is attacking the constitutionality of TEX. FAM. CODE ANN. § 263.405 (Vernon 2008) on its face or as it is applied to him; therefore, we will discuss both a facial challenge and an as-applied challenge. To sustain a facial challenge, the party must show that the statute, by its terms, always operates unconstitutionally. *Garcia*, 893 S.W.2d at 518. To sustain an as-applied challenge, the party must show that the statute is unconstitutional when applied to that particular person or set of facts. *Id*. In determining if due process is accorded a parent in a termination proceeding we consider the following: (1) the private interest affected by the proceeding or official action; (2) the countervailing governmental interest supporting the use of the challenged proceeding; and (3) the risk of an erroneous deprivation of that private interest due to the procedures used. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

*Facial Challenge to Section 263.405(b) and (i)*

A parent appealing the termination of his or her parental rights has a right to a meaningful appeal. *In re M.S.*, 115 S.W.3d 534 (Tex. 2003). The legislature has adopted a process to appeal termination orders. That process includes the appointment of counsel for indigent parents. *See* Section 263.405(e). Included in that process are certain procedural requirements and limitations not present in ordinary civil appeals. For example, a statement of points on which a party intends to appeal must be presented to the trial court within fifteen days after the signing of the termination order. Section 263.405(b). An appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points on which the party intends to appeal. Section 263.405(i) ("a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient" does not preserve an issue for appeal). A statement of points is specific enough when it allows the trial court to correct any erroneous findings on the challenged grounds. *Adams v. Tex. Dep't of Family & Protective Servs.*, 236 S.W.3d 271, 278 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *In re A.J.H.*, 205 S.W.3d 79, 81 (Tex. App.—Fort Worth 2006, no pet.).

If an indigent parent timely files a statement of points on which the parent intends to appeal, the trial court must hold a hearing within thirty days after the termination order is signed to determine (1) whether a new trial should be granted, (2) whether the parent's claim of indigence

should be sustained, and (3) whether the appeal is frivolous as provided by TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (Vernon 2002). Section 263.405(d). If the trial court determines that the appeal is frivolous, the indigent parent is not entitled to obtain a free record on appeal. Section 13.003(a).

The legislature has mandated these procedures in an effort to decrease postjudgment delays in termination cases when the children are under the Department's care. *In re M.N.*, 262 S.W.3d 799, 803 (Tex. 2008). However, the supreme court has stated that the legislative intent was not to unfairly or unreasonably preclude parents from appealing final orders and that the legislature adopted the provisions of Section 263.405 in light of the civil and appellate rules of procedure. *Id*. Consequently, parents may ask for an extension of time to file the statement of points pursuant to TEX. R. CIV. P. 5.[1] *In re M.N.*, 262 S.W.3d at 803. Further, if the trial court finds that the appeal is frivolous , the indigent parent may appeal this determination and is entitled to obtain a free record of that hearing for appeal purposes. Section 263.405(g).

In light of these procedural safeguards, appellant has not demonstrated how the statute always causes an erroneous deprivation of parental rights. If counsel needs a reporter's record to prepare a statement of points, the trial court has the authority to extend the Section 263.405(b) fifteen-day deadline. The statute, therefore, does not deprive an indigent parent the ability to prosecute a meaningful appeal. Section 263.405(b) and (i) is not unconstitutional on its face.

*As-Applied Challenge to Section 263.405(b) and (i)*

In this case, the trial court held three hearings in which appellant did not have appointed counsel. But, the trial court appointed appellant an attorney over eight months prior to the final hearing on the issue of termination of his rights. Appellant's appointed counsel remained his attorney throughout the period immediately following the entry of termination, and he remains his attorney on appeal. Appellant filed a timely statement of points, and the trial court held a hearing to determine if appellant's statement of points on that he intended to appeal contained points that

---

[1]TEX. R. CIV. P. 5 provides:

When by these rule or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefore is made before the expiration of the period originally prescribed or as extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act.

were frivolous. The trial court found that appellant's legal and factual sufficiency points were frivolous.

Appellant argues that his due process rights were violated because he was required to file a statement of points that he intended to appeal before the preparation of the reporter's record. Appellant argues that, without a complete reporter's record, he was unable to raise errors that might have occurred prior to his attorney's appointment. We disagree. Counsel did not ask for an extension of time to file the statement of points in order to obtain the reporter's record. Further, counsel had time to discuss the points presented at the previous hearings with appellant, T.M.'s attorney, and the children's attorney ad litem. Counsel also had access to the clerk's file to review the petition, the service plan, and the progress reports that described the events leading up to the removal of the children and the decision to proceed with termination. Moreover, appellant does not identify any alleged errors that occurred prior to the appointment of his counsel that he was prevented from raising.

Appellant also argues that his due process rights were violated because he was prevented from raising a legal and factual sufficiency of the evidence challenge. Appellant did not appeal the trial court's finding that his legal and factual sufficiency points were frivolous. Further, on appeal, appellant attacks the trial court's determination that he failed to comply with the family service plan. The trial court did not terminate his parental rights based on his failure to comply with the family service plan. The trial court found by clear and convincing evidence that appellant had engaged in criminal conduct that resulted in his confinement and inability to care for his child for not less than two years and that he had been convicted of injury to a child. Appellant does not challenge these findings on appeal. Consequently, he has not presented a valid challenge to the sufficiency of the evidence for the trial court's termination order. Because appellant did not avail himself of the procedural safeguards in the statute and did not identify any meritorious claims, we hold that Section 263.405(b) and (i) do not operate to violate appellant's due process rights. We overrule appellant's first and third issues.

*Section 263.405(i) Violates Separation of Powers*

Appellant next argues that Section 263.405(i) is unconstitutional because it violates the separation of powers doctrine as set forth in Article II, section 1 of the Texas Constitution.

6

Appellant argues that Section 263.405(i) prevents him from raising a legal and factual sufficiency of the evidence challenge. Because appellant did not list this issue in his statement of points on which he intends to appeal, he has waived this issue on appeal. Furthermore, as stated above, appellant has not presented a valid challenge to the sufficiency of the evidence that the statute prevented him from presenting and precluded this court from considering. We overrule appellant's second issue on appeal.

*Conclusion*

We affirm the judgment of the trial court.


RICK STRANGE

JUSTICE


July 23, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.