Opinion filed January 27,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00251-CV

                                                    __________

 

                             IN THE INTEREST OF N.C., A CHILD



 

                                   On
Appeal from the 326th District Court

 

                                                            Taylor
County, Texas

 

                                                   Trial
Court Cause No. 6741-CX 

 



 

M
E M O R A N D U M   O P I N I O N

 

N.C.’s
mother, appellant, challenges the trial court’s finding that her appeal from an
order terminating her parental rights to N.C. was frivolous.  We affirm.

I.  Background Facts

Child
Protective Services received a report that appellant, who had just given birth
to N.C., had a “flat affect” and had left N.C. unattended in a hospital room. 
A C.P.S. investigator was sent to the hospital.  She noted that appellant
appeared heavily medicated.  She had trouble concentrating and responding to
the investigator’s questions.  A drug test on N.C.’s meconium was positive for
cocaine.  Appellant admitted to drug and alcohol use during her pregnancy.  N.C.
was removed.

A
service plan was prepared.  Over the course of eighteen months, appellant completed
only five out of the thirteen requirements under her plan.  She was unable to
obtain employment or find stable housing.  She did not maintain regular contact
with the Department or keep the Department informed about where she was
living.  She visited N.C. only seventeen times out of the seventy-two times
that visitation was offered.  The last time appellant visited N.C., she
appeared to be high.  At that visitation, she was asked to undergo a cheek swab,
but she refused.  Although her service plan required random drug tests, she
submitted to testing only twice out of the eleven times requested.  Over this
period, appellant was arrested three times:  once for theft, once for public
intoxication, and once for DWI and possession of a controlled substance.  As a
result, she was in and out of jail.

The
trial court found that appellant had engaged in conduct or knowingly placed the
child with persons who engaged in conduct that endangered the physical or
emotional well-being of the child, that she had failed to comply with the
provisions of a court order, and that termination was in the best interest of
the child.  Accordingly, the trial court terminated appellant’s parental rights
to N.C.

            Appellant
filed a statement of points on appeal and alleged that (1) Tex. Fam. Code Ann. § 263.405(b)
(Vernon 2008) is unconstitutional and violated her rights to due process and
equal protection under the United States and Texas Constitutions; (2) Section
263.405(i) is unconstitutional and violated her rights to due process and equal
protection under the United States and Texas Constitutions; (3) the evidence
was legally and factually insufficient to support a finding that termination of
her parental rights was in the best interest of the child; (4) the evidence was
legally and factually insufficient to support a finding that she engaged in
conduct or placed the child with others who engaged in conduct that endangered
the physical or emotional well-being of the child; and (5) the evidence was
legally and factually insufficient to support a finding that she failed to
comply with the provisions of a court order.

After
a hearing, the trial court determined that appellant’s appeal was frivolous.

II.  Issue

Appellant
argues that the trial court abused its discretion by finding that her appeal was
frivolous.  In particular, she maintains that she presented challenges to the
constitutionality of Section 263.405(b) and (i) that raised
substantial questions for appellate review.




 

III.  Analysis

Appellant
argues that the trial court abused its discretion by finding that her
challenges to the constitutionality of Section 263.405(b) and (i) were
frivolous.

Section
263.405(b) requires a party that intends to appeal a termination order to file
a statement of points on which the party intends to appeal no later than the fifteenth
day after the date the final order is signed.  Section 263.405(d)(3) requires
the trial court to hold a hearing no later than the thirtieth day after the
date the final order is signed to determine whether an appeal of a termination
order is frivolous under Tex. Civ. Prac.
& Rem. Code Ann. § 13.003(b) (Vernon 2002).  When making this
determination, the trial court may consider whether the appellant has presented
a substantial question for appellate review.  Section 13.003(b).  A substantial
question is presented when the appeal presents an arguable basis in law or in
fact.  In re K.D., 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006,
no pet.).  If the trial court makes a determination of frivolousness, the
aggrieved parent can appeal, but the appeal is initially limited to the
determination of frivolousness.  Section 263.405(g); Lumpkin v. Dep’t of
Family & Protective Servs., 260 S.W.3d 524, 526 (Tex. App.—Houston [1st
Dist.] 2008, no pet.).  We review a trial court’s determination of
frivolousness for abuse of discretion.  In re K.D., 202 S.W.3d at 866; De
La Vega v. Taco Cabana, Inc., 974 S.W.2d 152, 154 (Tex. App.—San Antonio
1998, no pet.).

Appellant
contends that Section 263.405(b) is unconstitutional because it violated her
rights to due process and equal protection, as she had no access to the record
of the proceedings prior to the deadline for filing her statement of points.  However,
appellant has not shown what harm she suffered as a result of the statute’s
operation.  Even though the trial court found that appellant’s appeal was
frivolous, a reporter’s record of the final hearing on termination was prepared. 
The record is dated after the deadline for filing the statement of points, but appellant
has not identified any issue that she would have raised if given the record
sooner.  Without a showing of harm, we cannot review the constitutionality of a
statute.  See In re D.J.R., 319 S.W.3d 759, 765-66 (Tex. App.—El Paso
2010, pet. denied); Walker v. Tex. Dep’t of Family & Protective Servs.,
312 S.W.3d 608, 620, 625 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

We
are mindful of the Texas Supreme Court’s recent decision in In re B.G.,
317 S.W.3d 250 (Tex. 2010).  There, the court held that Section 263.405, as
applied, violated a father’s due process rights because it deprived him of an
appeal.  There are several very important distinctions between that case and
our own.  First, appellant has a reporter’s record.  Second, appellant has been
represented by the same counsel throughout this proceeding.  Third, the same
judge presided over the termination hearing and the post-trial hearing. 
Finally, appellant’s appeal was characterized as frivolous on substantive
grounds, whereas the father’s appeal in B.G. was precluded solely
because of procedural issues.  Consequently, Section 263.405, as applied,
did not violate appellant’s rights to due process and equal protection.

Appellant
also argues that Section 263.405(i) is unconstitutional because it violates the
separation of powers doctrine set forth in Tex.
Const. art. II, § 1.  This argument, however, differs from that raised
in the statement of points submitted to the trial court where appellant
contended that Section 263.405(i) violated her rights to due process and equal
protection.  An appellate court may not consider any issue that was not
specifically presented to the trial court in a timely filed statement of points
on which the party intends to appeal.  Section 263.405(i).  Therefore, appellant’s
argument on separation of powers has not been preserved for review. In re
S.N., 292 S.W.3d 807, 812 (Tex. App.—Eastland 2009, no pet.).

The
trial court did not abuse its discretion by finding that appellant’s appeal was
frivolous.  Appellant’s sole issue is overruled.

IV.  Conclusion

The
judgment of the trial court is affirmed.

            

 

RICK STRANGE

                                                                                    JUSTICE

 

January 27, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.