**Opinion filed January 27, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00251-CV

_____

## IN THE INTEREST OF N.C., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 6741-CX**

## M E M O R A N D U M   O P I N I O N

N.C.'s mother, appellant, challenges the trial court's finding that her appeal from an order terminating her parental rights to N.C. was frivolous. We affirm.

### I. *Background Facts*

Child Protective Services received a report that appellant, who had just given birth to N.C., had a "flat affect" and had left N.C. unattended in a hospital room. A C.P.S. investigator was sent to the hospital. She noted that appellant appeared heavily medicated. She had trouble concentrating and responding to the investigator's questions. A drug test on N.C.'s meconium was positive for cocaine. Appellant admitted to drug and alcohol use during her pregnancy. N.C. was removed.

A service plan was prepared. Over the course of eighteen months, appellant completed only five out of the thirteen requirements under her plan. She was unable to obtain employment or find stable housing. She did not maintain regular contact with the Department or keep the Department informed about where she was living. She visited N.C. only seventeen times out of the seventy-two times that visitation was offered. The last time appellant visited N.C., she appeared to be high. At that visitation, she was asked to undergo a cheek swab, but she refused. Although her service plan required random drug tests, she submitted to testing only twice out of the eleven times requested. Over this period, appellant was arrested three times: once for theft, once for public intoxication, and once for DWI and possession of a controlled substance. As a result, she was in and out of jail.

The trial court found that appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well-being of the child, that she had failed to comply with the provisions of a court order, and that termination was in the best interest of the child. Accordingly, the trial court terminated appellant's parental rights to N.C.

Appellant filed a statement of points on appeal and alleged that (1) TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2008) is unconstitutional and violated her rights to due process and equal protection under the United States and Texas Constitutions; (2) Section 263.405(i) is unconstitutional and violated her rights to due process and equal protection under the United States and Texas Constitutions; (3) the evidence was legally and factually insufficient to support a finding that termination of her parental rights was in the best interest of the child; (4) the evidence was legally and factually insufficient to support a finding that she engaged in conduct or placed the child with others who engaged in conduct that endangered the physical or emotional well-being of the child; and (5) the evidence was legally and factually insufficient to support a finding that she failed to comply with the provisions of a court order.

After a hearing, the trial court determined that appellant's appeal was frivolous.

## II. *Issue*

Appellant argues that the trial court abused its discretion by finding that her appeal was frivolous. In particular, she maintains that she presented challenges to the constitutionality of Section 263.405(b) and (i) that raised substantial questions for appellate review.

III. *Analysis*

Appellant argues that the trial court abused its discretion by finding that her challenges to the constitutionality of Section 263.405(b) and (i) were frivolous.

Section 263.405(b) requires a party that intends to appeal a termination order to file a statement of points on which the party intends to appeal no later than the fifteenth day after the date the final order is signed. Section 263.405(d)(3) requires the trial court to hold a hearing no later than the thirtieth day after the date the final order is signed to determine whether an appeal of a termination order is frivolous under TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002). When making this determination, the trial court may consider whether the appellant has presented a substantial question for appellate review. Section 13.003(b). A substantial question is presented when the appeal presents an arguable basis in law or in fact. *In re K.D.*, 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006, no pet.). If the trial court makes a determination of frivolousness, the aggrieved parent can appeal, but the appeal is initially limited to the determination of frivolousness. Section 263.405(g); *Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 526 (Tex. App.—Houston [1st Dist.] 2008, no pet.). We review a trial court's determination of frivolousness for abuse of discretion. *In re K.D.*, 202 S.W.3d at 866; *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.).

Appellant contends that Section 263.405(b) is unconstitutional because it violated her rights to due process and equal protection, as she had no access to the record of the proceedings prior to the deadline for filing her statement of points. However, appellant has not shown what harm she suffered as a result of the statute's operation. Even though the trial court found that appellant's appeal was frivolous, a reporter's record of the final hearing on termination was prepared. The record is dated after the deadline for filing the statement of points, but appellant has not identified any issue that she would have raised if given the record sooner. Without a showing of harm, we cannot review the constitutionality of a statute. *See In re D.J.R.*, 319 S.W.3d 759, 765-66 (Tex. App.—El Paso 2010, pet. denied); *Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 620, 625 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

We are mindful of the Texas Supreme Court's recent decision in *In re B.G.*, 317 S.W.3d 250 (Tex. 2010). There, the court held that Section 263.405, as applied, violated a father's due process rights because it deprived him of an appeal. There are several very important

distinctions between that case and our own. First, appellant has a reporter's record. Second, appellant has been represented by the same counsel throughout this proceeding. Third, the same judge presided over the termination hearing and the post-trial hearing. Finally, appellant's appeal was characterized as frivolous on substantive grounds, whereas the father's appeal in *B.G.* was precluded solely because of procedural issues. Consequently, Section 263.405, as applied, did not violate appellant's rights to due process and equal protection.

Appellant also argues that Section 263.405(i) is unconstitutional because it violates the separation of powers doctrine set forth in TEX. CONST. art. II, § 1. This argument, however, differs from that raised in the statement of points submitted to the trial court where appellant contended that Section 263.405(i) violated her rights to due process and equal protection. An appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points on which the party intends to appeal. Section 263.405(i). Therefore, appellant's argument on separation of powers has not been preserved for review. *In re S.N.*, 292 S.W.3d 807, 812 (Tex. App.—Eastland 2009, no pet.).

The trial court did not abuse its discretion by finding that appellant's appeal was frivolous. Appellant's sole issue is overruled.

IV. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


January 27, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.