NO. 07-10-0339-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 20, 2011

IN THE INTEREST OF D.M. AND T.S., CHILDREN

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-546,233; HONORABLE KEVIN HART, ASSOCIATE JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, C.N.A.,[1] brings this accelerated appeal challenging the trial court's order terminating her parental rights to D.M. and T.S., eight and five years old respectively.[2] After a bench trial, the trial court found the Department of Family and

---

[1]To protect the parents' and children's privacy, we refer to them by their initials. *See* Tex. Fam. Code Ann. § 109.002(d) (West 2008). *See also* Tex. R. App. P. 9.8(b).

[2]The trial court's *Order of Termination* also terminated the parental rights of B.J.M., previously adjudicated as D.M.'s father, and C.D.S., alleged father of T.S. B.J.M. and C.D.S. were personally served and had notice of the hearing but did not appear. Melissa Luman, Department of Family and Protective Services conservatorship supervisor, testified that B.J.M.'s lack of participation in D.M.'s care amounted to constructive abandonment while C.D.S. failed to file an admission or counterclaim for paternity with regard to T.S. Neither B.J.M. nor C.D.S. has appealed.

Protective Services ("DFPS") had proven by clear and convincing evidence that statutory grounds existed under the provisions of the Texas Family Code for termination of C.N.A.'s parental rights and that termination was in the best interest of the children.[3] C.N.A. subsequently filed a *Notice of Appeal* and *Motion for New Trial and Statement of Points for Appeal* (Motion).[4]  The trial court denied C.N.A.'s Motion and determined that appeal of the trial court's final order was not frivolous.[5]  In presenting this appeal, C.N.A.'s appointed counsel has filed an *Anders*[6] brief in support of a motion to withdraw. We grant counsel's motion to withdraw and affirm the judgment.

The trial court heard evidence that C.N.A. had a long history of substance abuse including dealing drugs out of the apartment where she and the children were living. There was also evidence C.N.A. had been, and remained, affiliated with a street gang. D.M. and T.S. were depicted together in a picture posted by C.N.A. on the internet with D.M. standing behind T.S. "throwing" a gang sign with the caption "my lil bloodz."  At five years of age, T.S. uses profanity in a knowledgeable manner.  Luman testified C.N.A.'s involvement with drugs presented a danger to the children and her non-

---

[3]*See* Tex. Fam. Code Ann. § 161.001 (West Supp. 2010).

[4]In her Motion, C.N.A. alleges that the trial court erred in its findings that C.N.A.:  (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children; (2) engaged in conduct or knowingly placed the children with a person who engaged in conduct which endangered the physical or emotional well-being of the children; (3) failed to comply with the provisions of a court order specifically establishing actions necessary for the parent to obtain return of the children placed in a temporary managing conservatorship; and (4) termination was in the best interest of the children.  *See* Tex. Fam. Code Ann. § 263.405(b) (West 2008).

[5]An appeal is frivolous when it lacks an arguable basis either in law or in fact.  Tex. Fam. Code Ann. § 263.405(d)(3) (West 2008) (appeal is frivolous as provided by section 13.003(b) of the Texas Civil Practice and Remedies Code); *In re K.D.,* 202 S.W.3d 860, 866 (Tex.App.—Fort Worth 2006, no pet.).

[6]*Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

compliance with the trial court's Orders[7] demonstrated C.N.A. was unable to provide the children with a safe and stable environment. Further, Luman testified C.N.A.'s gang affiliation represented an endangering lifestyle for the children. Dr. William Hoke, a clinical psychologist, testified that, although C.N.A. had made some progress through counseling, he did not think it appropriate for her children to be returned to her because there were too many "red flags," i.e., she had forged signatures to misrepresent her attendance at court-ordered sobriety meetings and continued to have contact with the boyfriend who shared the apartment from which she was arrested for dealing drugs[8] contrary to the Orders. The trial court also found, among other grounds, that C.N.A. engaged in conduct or knowingly engaged in conduct which endangered the physical or emotional well-being of the children. Tex. Fam. Code Ann. § 161.001(1)(E) (West Supp. 2010); *see In re S.F.*, 32 S.W.3d 318, 320 (Tex.App.—San Antonio 2000, no pet.) (only one statutory ground coupled with a determination that termination is in the best interest of the child is necessary to terminate parental rights).

Courts, including this court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.—Amarillo 2001, no pet.). *See Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-67 (Tex.App.—Austin 2005, pet. denied) (collected cases cited therein). Here, C.N.A.'s counsel represents that, after

---

[7]The following orders were entered by the trial court: *Order for Actions Necessary for Return of Children,* entered February 19, 2009; *Supplemental Order(s) for Actions,* entered April 23, 2010*,* and April 27, 2010.

[8]In December 2009, C.N.A. pled guilty to possession with intent to deliver crack cocaine in a drug-free zone and received ten years probation.

diligent review of the record, she is unable to present to this court an arguable issue calling for reversal of the trial court's judgment. She discusses the evidence presented at trial and concludes that the record fails to show any meritorious issue which would support C.N.A.'s appeal.

C.N.A.'s counsel's brief is adequate to satisfy the *Anders* requirements. *See Anders*, 386 U.S. at 744-45; *In re D.A.S.,* 973 S.W.2d 296, 297 (Tex. 1998) (describing *Anders* procedure in juvenile cases). The record reflects that C.N.A.'s attorney served a copy of the *Anders* brief on C.N.A. and informed C.N.A. of her right to file a response. C.N.A.'s attorney also filed a motion to withdraw as counsel and notified her of her right to object to counsel's motion. C.N.A. did not respond to counsel's brief or motion. DFPS filed a response to the *Anders* brief, stating that DFPS had conducted a "careful and independent" review of the record and agreed with counsel's conclusions that there were no arguable grounds for appeal.

We too have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal, including the issues raised in the *Anders* brief; *Penson v. Ohio,* 488 U.S. 80, 109 S.Ct. 346, 102 L.Ed.2d 200 (1988); *In re Schulman,* 252 S.W.3d 403, 409 (Tex.Crim.App. 2008); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991), and find no such issues. *See Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App. 1969). We also find C.N.A. had notice of the grounds asserted for terminating her parental rights and had opportunity to defend against those grounds through counsel, the presentation of evidence, and the cross-examination of adverse witnesses *In re A.W.T.,* 61 S.W.3d at 89. We also agree with

4

C.N.A.'s counsel's conclusion that factually sufficient evidence[9] supports at least one ground on which termination was predicated, and supports the trial court's finding concerning the best interest of the children. *See In re S.F.*, 32 S.W.3d at 320. After having reviewed the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.[10]

Patrick A. Pirtle
Justice

---

[9]The standard for reviewing the factual sufficiency of evidence supporting a termination finding is whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the finding. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

[10]Counsel must inform her client of the disposition of this appeal and of her right to seek discretionary review by the Texas Supreme Court without the assistance of appointed counsel. *In re K.D.*, 127 S.W.3d 66, 68 (Tex.App.—Houston [1st Dist.] 2003, no pet.) (citing *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App. 1997)).